HENRY INGALLS *versus* ADDISON G. COLE.

The limitation in § 18, of c. 76, R. S., of 1841, of the liability of a stock-holder in a corporation for corporate debts, to "the term of six months after judgment recovered against such corporation in any suit commenced within the year aforesaid," applies only to suits against stockholders whose stock has been transferred, and the transfer recorded, and not to the case of stock-holders who have never parted with their stock.

The statute of 1844, c. 109, did not change or extend the limitation in § 18 of c. 76, statutes of 1841, so as to limit the liability of stockholders who have not transferred their stock.

Statutes are to be construed according to their plain import, without regard to mere inferences which may be drawn from the language of an Act passed by a subsequent Legislature.

Where an officer, having an execution against a corporation, has given a stockholder a notice of his intention to levy on his individual property, un-less the stockholder shows him corporate property to satisfy the debt, it is not necessary that the creditor, or officer, shall give a further and distinct notice of an intention to commence an action, before a suit can be insti-tuted.

Although the creditor of a corporation who first moves in conformity to law, to fix the liability of a stockholder, acquires a priority of right, which can-not be defeated by the stockholder or other creditor who may first obtain judgment or execution, yet the facts, that a creditor has acquired such pri-ority of right, or that suits have been instituted and are pending on such prior claims, are not sufficient defence to a suit by another creditor, without evidence that the liability of the stockholder has been legally established, without fraud, to an amount which exhausts it.

The fund arising from the individual liability of the stockholder belongs to the first creditors of the corporation who establish their rights to it by pro-ceedings which terminate in fixing the liability.

Whether a stockholder may make payment, in good faith, to creditors who have first fixed his liability by the necessary steps, to an amount sufficient to exhaust the fund, without levy or suit brought, *quære.*

ON REPORT of the case by GOODENOW, J.

THIS in an action of the CASE, by a judgment creditor of the Buckfield Branch Railroad Company, against the defendant as a stockholder, to recover a sum equal to the amount of his stock in said corporation. The writ was dated January 1, 1852. The defendant pleaded the general issue, with a brief

Ingalls *v.* Cole.

statement, of which the .following specifications only are important to the case :—

" 3. That this suit was not commenced within six months after the aforesaid judgment against said corporation was recovered.

" 4. That no notice was ever given the defendant of the plaintiff's intention to commence this suit against him.

" 6. That, at the District Court, held at Portland, within and for the county of Cumberland, on the first Tuesday of March, A. D., 1851, one Enoch L. Cummings, Esq., of said Portland, recovered two judgments against said railroad company; one for the sum of $1896,80, debt or damage, and costs of suit taxed at $5,53, and the other for the sum of $2443,96, debt or damage, and costs of suit taxed at $5,53; and that executions issued thereon, and were put into the hands of Jesse Drew, a Deputy Sheriff of the county of Oxford, for collection; and that, afterwards, on the fourth day of April, 1851, he gave the notices to, and made the demands upon, the defendant in this suit, as required by the nineteenth section of chapter 76 of the Revised Statutes of 1841, the said Drew having first ascertained and certified upon said executions that he could not find corporate property or estate wherewith to satisfy said judgments.

" 7. That, at the Supreme Judicial Court, held at Portland, within and for the county of Cumberland, on the second Tuesday of November, 1851, one Charles G. Came, of said Portland, recovered judgment against said railroad company for the sum of $893,76, debt or damage, and costs of suit taxed at $4,70; and that an execution was duly issued thereon, and put into the hands of said Jesse Drew, Deputy as aforesaid, for collection; and the said Drew having first ascertained, and certified upon said execution, that he could not find corporate property or estate wherewith to satisfy the same, made the demand upon, and gave the notice to said Cole, as required by the 19th section, chapter 76, of the Revised Statutes of 1841; and, afterwards, on the 10th day of December, 1851, commenced a suit against said Cole, to recover of him the

amount of said judgment, which suit was pending in this Court in this county, at the time this suit was commenced, and at the time of the alleged demand and notice to the defendant.

" 8. That at the Supreme Judicial Court, held at Portland, within and for the county of Cumberland, on the third Tuesday of April, 1851, two judgments were recovered against said railroad company, one in favor of the Canal Bank for the sum of $3470,68, debt or damage, and costs of suit taxed at $4,04; the other in favor of the Casco Bank for the sum of $2099, debt or damage, and costs of suit taxed at $4,04; upon both of which executions were duly issued and put into the hands of said Jesse Drew, Deputy Sheriff as aforesaid, for collection, and that the said Drew, having first ascertained and certified upon said execution that he could not find corporate property or estate wherewith to satisfy the same, and, on the 18th of April, 1851, made the demand upon, and gave the notice to said Cole, required by law to fix and establish the liability of said Cole to pay the judgments aforesaid, to the amount of stock held by him in said railroad company.

" And the said Cole says, that he was unable to show to said officer or to either of the aforenamed creditors, and did not show to either of them, corporate property or estate wherewith to satisfy said executions, or any part thereof; by reason of all which, he became liable, and an action accrued to the aforesaid creditors to demand and recover of him a sum equal to the amount of the stock owned by him in said railroad company, to wit, the sum of twenty hundred dollars, all of which was prior to the aforesaid demand and notice of the plaintiff in this suit.

." And the defendant has since paid the amount of his said liability to said creditors.

" By reason of which the plaintiff's action is barred, and, at the date of his writ, he had no cause of action against the defendant."

The judgment was recovered May 8th, 1851, being the

third day of the term. An alias execution was issued on said judgment, November 20, 1851, and placed in the hands of Jesse Drew, a Deputy Sheriff, for service. The said Drew made several returns on the back of said execution, which are in the words following, to wit:—

"Oxford ss., December 4, 1851.—By virtue of the within execution, having made diligent search for corporate property or estate belonging to the within named Buckfield Branch Railroad Company, wherewith to satisfy the within execution, I have first ascertained, and hereby certify, that I cannot find corporate property or estate belonging to the said corporation.        "Jesse Drew, *Deputy Sheriff*."

"Oxford, ss., December 9, 1851.—By virtue of the within execution, I have this day notified the following stockholders in said corporation, (meaning the within named Buckfield Branch Railroad Company,) to wit, William Bridgham, Addison G. Cole, by giving to each of them in hand a written notice of the amount of the within execution, and that I, on the eighteenth day of the above named month, notified the following person, stockholder in the within named corporation, to wit, James S. Parlin, by giving him in hand a written notice of the amount of the debt, to wit, of the amount of the within execution; and I have also, on the 20th of the above named month, notified the following person, stockholder in the within named corporation, to wit, Henry Decoster, by giving him in hand a written notice of the amount of the debt, to wit, of the amount of the within execution, and of my intention, after forty-eight hours, to levy the within execution upon the several individual property, rights, credits and estates of each and all the above named stockholders, to the amount of stock owned by them severally in said corporation, unless they should, on demand and notice aforesaid, disclose and show to the execution creditor within named, or to me, as an officer, attachable corporate property or estate belonging to said corporation, sufficient to satisfy the within execution and all fees.        "Jesse Drew, *Deputy Sheriff*."

"Oxford, ss., December 31, 1851.—And now, forty-eight hours from and after the time of giving notices as aforesaid, to each of said stockholders above named, has expired, and they have each and all neglected to disclose and show to me, as an officer, or to the within named execution creditor, attachable corporate property or estate belonging to the said corporation, sufficient to satisfy the within execution and all fees. "Jesse Drew, *Deputy Sheriff.*"

There was no other return on the back of said execution.

At the present term the plaintiff moved to amend, and was permitted to file a new count. The defendant objected to the allowance of the amendment, because, as he claimed, it placed the action on R. S., 1841, c. 76, § 30, instead of § § 18 and 20, according to the original count in the writ, alleging that the action as stated in the original count was barred by limitation of time, and that the new count introduced a new cause of action which might not be barred. The presiding Judge allowed the amendment, subject to the opinion of the full Court; and it was agreed that the case should be reported, in order to settle as many questions of law arising in it as practicable, anterior to any trial before the jury.

The defendant contends that the returns on the back of said execution, made by said Drew, do not furnish sufficient evidence that the said Drew ever gave the preliminary notice required by the statute, to warrant the plaintiff in commencing his action, and that the action was barred by lapse of time before the commencement of the suit. If, in the opinion of the full Court, the action is barred by lapse of time, or, if the plaintiff cannot be allowed to show demand and notice by an amendment of the officer's return, or otherwise; or, if he cannot recover without showing demand and notice, or by any authorized amendment, then he is to become nonsuit. Otherwise, the action is to stand for trial upon both counts, if the amendment was rightly allowed. But if the second count was improperly admitted by way of amendment, then that count is to be struck out, and the action to stand for trial on the first count. In order to settle as many questions of law

as possible arising in said case, the parties agreed that the full Court should take into consideration the specifications in defendant's brief statement, numbered 3, 4, 6, 7 and 8, and determine whether, if the facts alleged in those particulars of the brief statement, or in any one of them, are fully proved, it will constitute a good defence to said action, in whole or in part.

*Howard & Strout*, for the plaintiff.

1. The action is not barred by limitation. It is founded on § § 18, 19 and 20 of c. 76, R. S., of 1841. The only limit as to time of the liability of stockholders is found in § 18, and is confined to cases where they have transferred their stock.

2. The amendment was properly allowed. The amended count claims precisely what was intended to be claimed in the original count. It has no connection with the question of limitation.

3. The plaintiff has taken the necessary preliminary steps to enable him to maintain this suit against the defendant as a stockholder of the delinquent corporation. The returns made by the officer are sufficient to show the certificate required by § 18, and the demand and notice to the stockholder prescribed in § § 19 and 20. No other notice was required before commencing this suit.

4. The plaintiff is not estopped to bring his action by any thing alleged in the defendant's specifications 6, 7 and 8. The creditor first moving according to law may acquire a priority of right, by first fixing the liability of the stockholder, as held in *Cole* v. *Butler*, 43 Maine, 401. But this cannot operate as a bar to subsequent suits by other creditors. The first creditor's suit may fail, or he may recover a less sum than the stockholder is liable for, or may abandon his claim on the stockholder. It is not enough to show that other creditors have prior claims, but the defendant must show that his liability to them has been legally established, and that he has paid the amount for which he is liable. A mere liability to

pay, is no payment and no bar. Payment, even, is not necessarily a bar to the commencement of the suit, though it may be a defence at the trial.

5. The repealing Act of 1857, page 752, saves this case from the effect of the repeal.

*J. C. Woodman*, for the defendant.

1. The action was barred by limitation before it was commenced. There has been no judicial determination as to the meaning of § 18, c. 76, R. S., of 1841; but the Legislature, in statute of 1844, c. 109, § § 3 and 4, recognize the limitation therein contained as applying to all actions against members of delinquent corporations under the provisions of c. 76. An Act amounting to a legislative declaration of the meaning of a former statute, will govern the construction to be given to it. *United States* v. *Freeman*, 3 Howard, 565; *Hunt* v. *Hunt*, 37 Maine, 333.

The personal liability of members of a corporation, for the corporate debts, depends solely on provisions of positive law, which are to be construed strictly. *Gray* v. *Coffin*, 9 Cush., 192.

2. The amended count, allowed by the presiding Judge, cannot avail the plaintiff. It was so framed as to charge the defendant on § 30 of c. 76; but § 30, when this action was commenced, did not subject a stockholder to any action whatever. The liability of a stockholder, under § 30 was subject to the same conditions and limitations as under § 18.

3. But the amendment was erroneously allowed, especially if, by admitting the amendment, the plaintiff can avoid the statute limitation. The amended count, by placing the action on § 30, states an entirely different case from the one originally stated. It was not offered until more than six years after the commencement of the suit, and hence was barred by the general statute.

4. The preliminary steps necessary to maintain this suit are not shown, nor even alleged to have been taken. The statutes authorize the officer, having execution against a cor-

poration, after forty-eight hours notice to a stockholder, and a demand for him to show corporate property to satisfy the debt, in default thereof, to levy on the individual property of the stockholder. In this case, the officer is to make the demand and give the notice.

But the " creditor, after demand and notice, as mentioned in the preceding section, may have an action on the case against any such stockholder, to recover of him individually." In this case, the creditor must himself sue; so he must make the demand and give the notice. In the former case, the officer is to give notice of his intention to make the levy; in the latter, the creditor must notify the stockholder of his intention to commence an action. At all events, there must be a notice of the intention of the creditor to commence an action, if not to be given by himself. There is no evidence or allegation that any such notice was ever given.

5. The judgments mentioned in the specifications 6, 7 and 8, were recovered earlier than that in favor of Ingalls against the corporation. The creditors thereby "acquired a priority of right to recover against the stockholder to the amount of his stock, with which no other creditor, subsequently moving, can interfere." *Cole* v. *Butler*, 43 Maine, 401. It was not necessary to commence an action in order to acquire a priority of right. By the preliminary steps, the liability of the stockholder became fixed. He had a perfect right to pay these creditors; and, if he did pay them, as he alleges, to the full amount of his stock, the present action is barred.

6. It is contended further, that the action is barred, if he did not pay them. The liability of the stockholder to the other creditors having been fixed, the present plaintiff had no right to demand of him to show corporate property to satisfy his debt. A right to demand, implies an obligation to comply with it. Similar demands had been made on him already for an amount equal to five times the amount of his stock. If he was to be harassed by such demands five or six times, or even twice, on the same amount of stock, he might be harassed and sued a hundred times in the same way. The

inference is, that when one or more creditors, having judgments equal to the whole amount of the defendant's stock, had taken the preliminary steps to establish the defendant's liability, no other creditor could take those steps, until the liability first established should be discharged, paid or removed.

7. This case is barred by the repealing Act of 1857, page 752, on the principles decided in *Coffin* v. *Rich*, 45 Maine, 507.

The opinion of the Court was drawn up by

KENT, J.—This action was not commenced within six months after judgment against the corporation. The first objection made by the defendant rests upon this fact. He contends that the suit was barred by limitation when it was commenced.

We understand, from the case, that, for the purposes of determining this point, it is assumed that the corporation is one within § 18 of c. 76 of R. S. of 1841; that the plaintiff recovered judgment against the corporation in May, 1851; that he placed an execution in an officer's hands, who made a return that he could not find corporate estate, and afterwards returned that he gave the notice to the defendant as required by statute; that this action was commenced in less than a month after the action and return of the officer, but more than six months after the recovery of the judgment, in pursuance of the provisions of § 20. In § 18, is found the provision, which renders the property of a stockholder liable to be taken on an execution against the corporation for the debts of the corporation contracted during his ownership of such stock. This is the general liability. There is in the section a limitation in these words:—"and such liability shall continue, notwithstanding any subsequent transfer of such stock, for the term of one year after the record of the transfer thereof, on the books of the corporation, and for the term of six months after judgment recovered against such corporation *in any suit commenced within the year aforesaid.*"

The defendant contends that this is a limitation of six months applicable to all cases where a levy may be made; and that the same limitation is extended to the provisions in § 20, for an action on the case. The plaintiff insists that the provision applies only to a case where a stockholder has transferred his stock, leaving all other cases to the general law of limitations.

The intention of the Legislature in inserting this parenthetical limitation is obvious, when we look to the history of the Acts in relation to the liability of stockholders.

As early as the year 1808, the Legislature of our parent State passed an Act, authorizing a levy of an execution against a corporation, on the body or property of a member, without limit as to amount or time, in case of deficiency of attachable estate of the company. It was decided that, under that statute, the person must be a member of the corporation at the time of the levy. *Leland* v. *Marsh,* 16 Mass., 389 ; *Marcy* v. *Clark,* 17 Mass., 330.

The practical difficulty, that was soon made apparent, was, that stockholders of ability, when they found the corporation in danger of bankruptcy, divested themselves of their membership by transfer of their stock, before an execution could be obtained. This led to subsequent statutes by which this liability for debts contracted during the ownership of the stock, was continued for a term beyond the time of the transfer. In fixing a specific time, however, it was seen that the year named might expire after the failure of a corporation before a judgment could be obtained, and, therefore, the liability was continued, in case a suit was commenced within the year after a recorded transfer, until judgment was obtained, and for six months after such judgment, to give the creditor reasonable time to levy his execution.

But this provision has no reference to the case of stockholders who have never parted with their stock. It is impossible to give the construction contended for by defendant, if we give any effect to the words, " in any suit commenced within the year aforesaid." These words refer to the

transfer of the stock, and would be senseless if applied to a case of a stockholder who has never parted with his stock. No judgment answering to the description of a judgment re-covered against a corporation, on a suit commenced within a year *from the transfer of his stock*, could be obtained against a man who had *never transferred his stock.*

The argument drawn from the provisions of the law of 1844, in relation to manufacturing corporations, cannot control the plain provisions of the statute. Indeed, we do not understand that the Legislature intended in that Act to change at all the provisions and limitations of § 18. The same limitation applies as to cases of the transfer of stock under the law of 1844, as under the laws of 1841, but it is not changed or extended to embrace stockholders who have not transferred their stock. In this respect, we see no difference in the two statutes. We may also say, that, in our judgment, it would be a very unsafe rule of construction, to take the inferences drawn from the words of a statute of a subsequent Legislature, to determine the intention and meaning of the law of a former year. We must take the law as we find it, and construe it according to its plain import. We cannot go beyond this, and base our decision upon arguments drawn from expediency, or from what we might deem inconveniences or even hardships.

We do not see how the limitation of six months, in § 18, can be applied to § 20. But, even if the same limitation is to be applied to the bringing of an action under § 20, as to the levy of an execution under § 18, the limitation of six months can only be applied in favor of a stockholder who has transferred his stock.

The defendant contends that the preliminary steps, required before a right to commence an action occurs, have not been taken. He contends that no such action can be sustained until a distinct notice has been given of an intention to commence a suit at law.

The right of action, by suit, is given in § 20, " after demand and notice as mentioned in § 19." By the latter sec-

Ingalls *v.* Cole.

tion, it is provided, that the officer shall give the stockholder notice of his intention to levy the execution on his property, and the amount of the debt or deficiency. This appears to have been done in the present case. The defendant, however, insists that the creditor, or officer, should give a further and distinct notice of an intention *to commence an action*, before he can legally institute a suit at law.

The statute does not, in terms, require this. The Legislature probably thought that a notice of an intent to levy, unless sufficient property was disclosed and shown to the officer, was a distinct intimation to the stockholder that the creditor intended to enforce his judgment on him, if he did not prevent it by showing property of the company.

As a general rule, when a right of action is given by statute, no prior notice of an intention to commence such suit is necessary, unless distinctly required by the Act. When a notice is required by statute, that which is specifically set out is to be given. The Court cannot add to or diminish the nature or extent of the notice. In this case, all that the statute requires has been done, and that is sufficient.

An additional count was filed by permission of the presiding Judge, subject to the opinion of the whole Court.

The objection, made by the defendant, that this new count places the action on the 30th section of chapter 76, instead of sections 18 and 20, does not appear to be well founded in fact. The new count, as well as the old, alleges that the corporation was created after Feb. 16, 1836. We do not see that the new count changes the nature of the action, or affects the question of limitation, or any other question in the case. It was properly allowed.

Certain alleged facts in relation to the proceedings of prior creditors of this corporation, as set forth in the 6th, 7th, and 8th specifications, have been referred to the Court, to determine whether, if those facts are fully proved, they will constitute a good defence to the action, in whole or in part.

This Court has decided, in the case of *Cole* v. *Butler,* 43 Maine, 401, that the creditor who first moves in conformity

to law acquires a priority of right, which cannot be defeated by the stockholder or other creditors who may first obtain judgment and execution.

The intention of the statute is, that a stockholder shall be held to pay the amount of his stock, but shall not be held beyond that amount, or be subject to pay more, after he has paid *bona fide* that sum to a creditor of the corporation, who has acquired a right to it.

We do not think it is enough for a stockholder, when he is sued, to show that other creditors had moved against him before the plaintiff in that suit, and others had laid the foundation for his liability to them. Those claims may never be prosecuted to final judgment. Nor is it enough to show that suits have been instituted and are pending on such prior claims; for those suits may not be sustained or may be abandoned. The liability must be legally established and fixed to an amount which exhausts it, and this must be *bona fide*, and not colorable or fraudulent.

The fund belongs to the first creditors who establish their right to it by proceedings which terminate in fixing the liability. We do not say that a stockholder may not pay to the first or a prior creditor the amount of his stock, if he can show that the proceedings had fixed his liability, and the amount was sufficient to absorb the fund, and the payment was made in good faith, to avoid useless costs.

It may be necessary to continue actions, to await the result of other cases, which may or may not establish prior rights; and it is a duty of the stockholder to see that no unnecessary delay is allowed in bringing such cases to final judgment, if he would avail himself of such proceedings in defence.

According to agreement of the parties, the case *must stand for trial*.

TENNEY, C. J., and RICE, APPLETON, GOODENOW, and DAVIS, JJ., concurred.