————o————

STATE SAVINGS ASSOCIATION, Appellant, *vs.* SANFORD B. KELLOGG, *et al.*, Respondents.

1. *Corporations—Constitution of* 1865—*Double liability clause—Stockholder— Measure of liability.*—Under the Constitution of 1865 and the statute (Wagn. Stat. 330, ₴ 20) stockholders in corporations are not liable for the debts of the company in full, as in case of partnership, but only to an amount equal to their stock together with any unpaid subscription.

2. *Corporations—Stockholders—Suit against not a lien.*—The institution of suit against a stockholder for a corporate debt, does not operate as a lien upon his limited liability under the statute, so as to hold him therefor against a senior judgment and execution obtained on another action commenced later.

*Appeal from St. Louis Circuit Court.*

*Noble & Orrick*, for Appellant, cited in argument : Garrison vs. Howe, 17 N. Y. 458 ; Butler vs. Cole, 43 Me. 401 ; Rev. Stat., Me., 1857, 328, §§ 24, 25 ; Ingalls vs. Cole, 47 Me. 541 ; Ang. & Am. Corp. [9 ed.], pp. 607–609, *et seq.*

*Glover & Shepley*, for Respondents, contended that Cole vs. Butler (42 Me. 403) and Ingalls vs. Cole (47 Me. 530) were made under statutes differing essentially from the statutes of

Missouri, and afforded no evidence that the conclusions claimed by appellant would be reached even by that court under our statutes and system of law, and that the measure of the stockholder's liability was settled by Perry vs. Turner (55 Mo. 423).

NAPTON, Judge, delivered the opinion of the court.

This suit was brought in 1869, against the defendants, as stockholders of a private corporation called the Southwestern Freight and Cotton Press Company, incorporated under the general corporation law of 1865.

The petition averred an indebtedness of the corporation to the plaintiff, growing out of certain bills of exchange drawn by said company, and negotiated by said company with plaintiff, amounting to upwards of eight thousand dollars, and that the company was totally insolvent and bankrupt in June 1869, and had been so adjudged in a proceeding in bankruptcy before the district court of the United States, and was thereby virtually dissolved; and that the defendants held certain shares of stock to an amount specified, and that by force of the statute in such case made, an action had accrued to plaintiff for the sum so owing.

The answer of the defendants denied the liability of the defendants, and denied that the corporation was dissolved, and upon a judgment in favor of the defendants, an appeal was taken to this court and the judgment reversed.

The only question examined and decided in this case (52 Mo. 587) was, that the admitted insolvency of the corporation amounted to such a dissolution as authorized a suit against the stockholders.

Upon the reversal of the judgment the defendants filed separate answers, denying the indebtedness of the company, and more specifically setting up as a defense, that a suit was commenced against the defendant, as a stockholder, by the Franklin Bank of Cincinnati, in 1870, which resulted in a judgment against him for the amount of stock held by him in the corporation, and that he was compelled to pay, and did pay, on said judgment, the full amount of his liability as stockholder.

There was a demurrer to the answer, which was overruled, and judgment went for the defendants, from which an appeal is taken.

There are only two questions presented by the record in this case. The first position of the plaintiff is, that under our statutes (§ 20, ch. 62, p. 330) each stockholder is liable to the creditors of the corporation for the full amount of the company's indebtedness, as in the case of partnerships, without regard to the amount of his stock. This question having been examined and decided in the case of Perry vs. Turner (55 Mo. 424), it is unnecessary to add anything to what was there said.

The next question is based on a concession of a limited liability. It is urged that the institution of a suit operates as a lien on the limited liability of the stockholder, so as to prevent the payment by him, under a prior judgment obtained on a suit commenced subsequently, to the full amount of his liability, from being pleaded in bar of the suit first instituted.

In ordinary actions it is conceded that the institution of a suit created no lien, unless some auxiliary process, which our laws allow in certain contingencies, is resorted to. The first who obtains judgment gets a lien on the real estate of the defendant, and on his personal property from the time of the levy of the execution, without regard to the priority in which actions are commenced. The claim of a lien or priority, then, must be based on, or inferred from, the peculiar provisions of the statute in regard to suits of this character. The provision of the statute is this: "If any company formed under this act dissolve, leaving debts unpaid, suits may be brought against any person or persons who were stockholders at the time of such dissolution, without joining the company in such suit." It would be very difficult to infer from this that the suits authorized under it were, in any respect, different from any other actions. Nothing is said in regard to priority among creditors of the corporation. Nothing is said in regard to any liens created. The suits authorized seem to be such suits as any other plaintiffs might bring in any other cause of action, and it is not pretended that the institution of a suit generally, without an attachment, effects a lien.

It has been decided in Maine, under a statute in some respects similar, that the creditor who first sues acquires a priority of right which cannot be defeated. (Butler vs. Cole, 43 Me. 401; Ingall vs. Cole, 47 Me. 541.) These decisions seem to be based on the maxim that to the vigilant the law gives priority—*qui prior est in tempore potior est in jure.* But the maxim applies to all actions, and unless by statute this action differs from ordinary suits, we cannot infer a priority of lien.

Under the Maine statute the creditor had two modes of pursuing the stockholder after the corporation assets were exhausted; first, by levying the same execution, or causing it to be levied, on the individual property of the stockholder, after it is returned by the officer that there is no corporate property; or, second, by an action on the case to recover his judgment up to the amount of stock held by the defendant in it. But in either case it was necessary for the creditor first to get a judgment against the corporation, and to have an execution levied against the corporation, and the return to that execution had, to show that the company had nothing on which to levy. It was then required of the officer to notify such stockholders as the plaintiff might point out, that the execution would be levied on their individual property, or that the plaintiff would sue them in an action on the case, and if the latter alternative was pursued, a limitation was prescribed, within which the suit was to be brought. Under this statute the Supreme Court of Maine held, that "to allow one creditor after another, who, by a compliance with the statute, had laid the foundation of his right to recover of any particular stockholder to the amount of his stock, to step in, and by electing the shorter remedy provided by the statute, thereby to defeat a pending action which the same statute had clearly authorized, would be inconsistent with the general purpose to give security before stated, and not in harmony with the general principle, running through all our statutes, which is to give to the more vigilant party, when moving in conformity to law, the fruit appropriate to his efforts. We therefore think," proceeds the court, "that a creditor who first moves and proceeds so far *as to establish his right* to seize the property of a stockholder, or to bring his suit, obtains a pri-

ority of right in the fund which the statute has in effect set apart
for the payment of his debt."

It will be perceived that a suit under the 22d section of our
statute is essentially different from the proceeding considered by
the Supreme Court of Maine. The action here is against a
stockholder, without any previous suit against the corporation, and
in such action the stockholder of course may dispute the claim
against his corporation. In Maine the action against the stock-
holder can never be maintained until a previous suit against the cor-
poration, and a judgment, and an execution on that judgment, and
a return of *nulla bona* on such execution. The question of the
liability of the company in Maine, is not involved in the suit
against the stockholder. That question has been already adju-
dicated, and the creditor has thus, as the Supreme Court of
Maine observes, laid the foundation of his right to recover of the
stockholder whatever, as a stockholder, he may be liable for.
That court, then, may have been, and no doubt was, well au-
thorized to declare, that after these preliminary proceedings, the
action against the stockholder prevented him from disturbing the
fund which the law had already set apart for the payment of such
creditor. But would the stockholder sued in this case have been
authorized, when subsequently sued, to set up the pendency of the
present suit as a bar? In what respect would he have differed
from any other defendant sued by various parties plaintiff at dif-
ferent times? The litigation involved the liability of the corpo-
ration to the claim, and not simply the amount he was liable for,
in the event of the establishment of the claim. The court before
whom such a defense would be presented, would have to try the
first case before any decision in the second could be reached.
The defendant could not interplead, because an interpleader must
necessarily admit the validity of the claim, which in both cases
he has a right to deny.

Under our laws no lien is acquired by an actión, unless in spe-
cified cases, and this is not one of them. The first judgment
here creates a lien on the realty, and the execution levied creates
a lien on the personalty. There is nothing in the act concerning

State ex rel. v. Griffith, et al.

judgments against corporations and the stockholders, to lead to a conclusion that a different rule was intended in such cases.

The judgment must be affirmed. The other judges concur, except Judge Wagner, absent.