THE STATE *ex rel.* KOHN, *Relator*, v. HORNER, *Judge.*

Circuit Court: POWER OF TO STAY PROCEEDINGS OF ITS OWN MOTION. Where motions in two different causes are made in the trial court under Revised Statutes, section 736, for execution against a stockholder for the amount of unpaid stock owned by him, and the execution is allowed in one case, which is appealed from, the court cannot of its own motion order a stay of proceedings on the motion in the other case until the appeal in the first case is determined.

*Mandamus.*

PEREMPTORY WRIT AWARDED.

*H. I. D'Arcy* and *James P. Maginn* for relator.

(1) The court had no power, without an application from one of the parties, to refuse to give judgment in a cause submitted to it for judgment. Constitution of Missouri, sec. 10, Art. II; R. S., secs. 3591, 3592, 3593, and 3598; *Hill v. Harding*, 107 U. S. 633; *Hinsdale v. Hawley* (N. C.); s. c. The Reporter, Sept. 3d, 1884, p. 313; *Maguire v. Tyler*, 25 Mo. 499-505; *Rodgers v. Bank*, 69 Mo. 564; *Bradslee v. Morgner*, 73 Mo. 22. Nothing is gained by calling the continuance a "stay" or a "postponement." *State v. Underwood*, 76 Mo. 630; *State v. Cape Girardeau Court of Common Pleas*, 73 Mo. 560. (2) The court had no power after submission of the cause to grant a continuance, even on application

on grounds which were known to exist before the submission, and which should *then*, if ever, have been relied on for a continuance. *Merrill v. St. Louis*, 12 Mo. App. 473 ; 1 R. S., sec. 3594, p. 615. (3) The grounds on which the court acted, whether applied to or not, were no grounds.

*Smith & Krauthoff* for respondents.

(1) The application of the relator does not show any specific legal right to be enforced, or any positive duty to be performed. Without these plainly and clearly appear, the court will not order a mandamus. High on Ex. Rem., § 9, and cases cited ; § 156, *id.*, § 157, § 167, § 173. (2) This cause is still pending before Judge Horner, and a former judgment on precisely the same facts has been rendered by Judge Adams, on tenth of December, 1883, and that judgment has been pleaded in bar of Kohn's suit, and it was put in evidence as a former judgment in the hearing before Judge Horner. It was a full defence in this suit of Kohn. *Donnelly v. Mulhall*, 12 Mo. App. 139 and 140, and cases cited. (3) If any mandamus could issue under this authority, of 12 Missouri Appeal Reports, 139, it would be one commanding Judge Horner to enter a judgment for defendant Hill. From this judgment Kohn could appeal. (4) But Judge Horner's stay of proceedings leaves the case the same as if he had held it over for decision, until the case of Tucker's administrator is decided on the same facts. No mandamus can lie in such a case. (5) Where the same plaintiff brings two suits against a defendant for the same cause of action, the power of the court to order a stay of proceedings in the second until the determination of the first is well settled. *Fuller v. Read*, 15 How. Pr. 236 ; *Bank v. Leonard*, 20 How. Pr. 193. (6) The stockholder in a case like this occupies the position of one summoned as a garnishee in a number of cases. In such cases the proper course is to continue the second garnishment until the first is determined. Drake on Attachments,

§ 630; *Cutter v. Perkins*, 47 Me. 557; *Prentiss v. Danaher*, 20 Wis. 311.

BLACK, J.—It appears from the pleadings in this cause that Kohn recovered judgment against the Butchers' and Drovers' Bank of St. Louis on the seventh of April, 1881, for $6,000. Simmons, administrator of Tucker, recovered judgment against the same defendant on the same day for $10,880. Executions were issued in both cases on the twenty-fifth of April, 1881, and returned *nulla bona*. These judgment creditors allege that Mr. Hill held stock in this corporation, upon which there was an unpaid balance of $5,000. Both parties plaintiff moved for execution against Mr. Hill on February 28, 1883. The Simmons motion came on first for hearing, and an order for execution against Hill was made on the tenth of December, 1883, from which he appealed, and at the same time gave a *supersedeas* bond. The Kohn motion was heard by Judge Horner on the twenty-ninth of February, 1884, and on the twenty-eighth of April following, he made an order staying the proceedings in that case of his own motion, until the Simmons case was decided on the appeal taken by Mr. Hill.

It appears from the return that on the hearing of the Kohn case the entire record in the Simmons case was put in evidence. From this we see the motion and proceedings as far as they had progressed in the Kohn case, were in evidence and before the court in the Simmons case, so that cause was determined with full knowledge of the pendency of the other. The execution awarded was for the full amount found due on the stock. It was suggested that this was because of the decision in *State Savings Association v. Kellogg et al.*, 63 Mo. 542. That was a suit based upon what is now section 745, Revised Statutes. The liability of the corporation was not fixed by any previous judgment, and of course it was an original proceeding. Whether the priority of the creditors in this

proceeding, which is under section 736, after the liability
of the corporation is fixed, should be regarded as in the
nature of an equitable garnishment, and the priority be
determined from the date of the motion and notice thereof,
we are not at liberty to consider. It is a self-evident propo-
sition that the payment of this fund once by Mr. Hill
ought to be a full and complete discharge of his liability
for the unpaid balance upon his stock, if any in fact he
holds.

A stay of proceedings was sometimes allowed where
parties and causes of action were the same. 1 Tidd's
Prac. 528 ; 2 Wait's Prac. 619. But this was done upon
motion of one of the parties litigant. 1 Tidd 488. Under
our code of procedure the defendant may plead as many
defences as he may have, so they are consistent, whether
they be in bar or go to the merits, or whether they de-
feat the action out and out, or for the time being. Facts
which occurred since the institution of the suit may be
pleaded by answer or reply. These proceedings in ques-
tion are summary by motion only, and may be met in a
like way without formal pleadings. It was competent
for the court to order the money to be brought into court
on the execution awarded, to the end that the priorities
might be settled with the claimants. The court may
deal with these motions as the justice, equity and right
of the parties may seem to it to demand. Trial courts
do, and of right ought to, have much discretion reposed
in them with respect to the conduct, trial and time of
disposition of causes, and so we have held at this term
in *State ex rel. v. Adams, ante,* p. 310, but we are not pre-
pared to establish the proposition now contended for,
*i. e.,* that the court of its own motion may order a stay
of proceedings in this cause to await the final result in
the other. Peremptory writ of mandamus is awarded.
Sherwood, J., dissents. The other judges concur.