JOHN BITTNER, JR., ADMINISTRATOR, Appellant, v. WILLIAM H. LEE, ADMINISTRATOR, Respondent.

St. Louis Court of Appeals, April 19, 1887.

1. STOCKHOLDERS—PRIORITY IN SUITS AGAINST—ABATEMENT—PLEADINGS.—A stockholder, who is sued by a creditor of a dissolved corporation, under section 745, of the Revised Statutes, may plead in abatement a judgment obtained against him, under section 736, although he has not paid the judgment.

2. ———— STATUTE CONSTRUED.—The bringing of a suit against a stockholder, under section 745, gives the creditor no prior claim on the liability for unpaid stock, as against other creditors, who are proceeding against the same stockholder, although the recovery of a judgment against the corporation, and issue of execution against the stockholder, under section 736, may give such priority.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Affirmed.*

M. KINEALY and JAMES R. KINEALY, for the appellant, cited *Butler v. Cole* (43 Me. 401), and *Ingalls v. Cole* (47 Me. 541).

A. and J. F. LEE, for the respondent, cited *State Savings Association v. Kellogg* (63 Mo. 544), and Thompson on Liability of Stockholders, 398.

ROMBAUER, J., delivered the opinion of the court.

The plaintiff brought an action against the defendant, September 18, 1880, under the provisions of section 745, Revised Statutes, which authorizes a suit to be brought, by the creditor of a dissolved corporation, against any stockholder who was such at the date of its dissolution, the amount of recovery being limited to the amount remaining unpaid on the stock of said shareholder.

The petition states all facts essential to a recovery; states the plaintiff's claim as amounting to one thousand seven hundred and seventy-five dollars, and the unpaid balance on the defendant's stock as amounting to three thousand dollars, and prays judgment for the amount of the plaintiff's claim.

An amended answer was filed by the defendant, March 18, 1884, which, after generally denying the allegations of the plaintiff's petition, sets up an affirmative defence, by stating the following facts in abatement of the plaintiff's suit, namely : That one Marks, a creditor of the defendant's corporation, brought an action against it, September 18, 1880, and in such action recovered a valid judgment against the corporation, December 20, 1880, for $7,981.74, and that he at once caused an execution, against the corporation, to be issued thereon, which was returned *nulla bona,* January 7, 1881 ; that, thereafter, under the provisions of section 736, of the Revised Statutes, said Marks, February 7, 1881, filed a motion in the court which had issued said execution, for its re-issue against the defendant, to the amount of three thousand dollars, that being the unpaid balance of the defendant's stock, as claimed in said motion, and that thereupon such proceedings were had that the court, June 20, 1881, entered a judgment order upon its record, awarding an execution against the defendant, and in favor of said Marks, for the sum of three thousand dollars.

The answer further states, that the plaintiff herein was notified by the defendant, of the pendency of said motion, and was afforded an opportunity to defend against it, if he saw fit to do so, but failed to do so ; that the defendant has appealed from said judgment order, made June 20, 1881, which appeal is still pending.

The plaintiff demurred to the affirmative defence set up in the answer, and his demurrer being overruled, re

fused to plead any further, but suffered judgment to go against him.

The only point presented for our consideration is, whether the affirmative defence, contained in the defendant's answer, is available in abatement of the plaintiff's action.

The supreme court held, in *State Savings Association v. Kellogg* (63 Mo. 540), that if, pending a proceeding against a stockholder, under the statute on which the present suit is brought, a suit be commenced against him under the same section of the statute, by another creditor, and prosecuted to judgment, and he pays the judgment, such judgment is a complete defence. It held, in effect, that priority of action, under this section of the statute, gives no priority of claim. That is the unquestioned law of the state at present, and being embodied in the last controlling decision of the supreme court, is binding upon us.

The supreme court, in its argument, distinguishes a proceeding under section 745, of the statute, from proceedings under the statutes of Maine, which are discussed in *Butler v. Cole* (43 Me. 401), and *Ingalls v. Cole* (47 Me. 541). It emphasizes the fact that, under the Maine statutes, the stockholder is bound to establish his claim by judgment against the corporation, before he can proceed against the stockholder at all, while under this section of our statute he establishes, in the same action, his claim against the corporation and the stockholder.

The circuit court of the United States, for the eastern district of Missouri, at the October term, 1878, in the case of *Baltimore Bridge Co. v. Illinois and St. Louis Bridge Co.*, in an opinion by Judge Dillon (never reported), emphasizes this distinction fully. The learned judge, recognizing the force of the argument employed in *State Savings Association v. Kellogg* (*supra*), when applied to a case wherein parties proceed

VOL. XXV—36

under the provisions of section 745, denies its applicability, when they proceed under the provisions of section 736, having first obtained a judgment against the corporation. He holds that, in the latter case, the judgment creditor, who first proceeds against the delinquent stockholder, obtains a prior claim for the satisfaction of his demand against him, on the theory of superior diligence, which is discussed in the Maine cases. While the correctness of that view has never been approved by any court of final judicature in this state, it has been adopted in some cases, at *nisi prius*, to my own knowledge, and has never been questioned.

Applying that rule to the present controversy, and it results that the demurrer to the defendant's affirmative defence was properly overruled. The answer states that Marks had obtained a valid judgment against the corporation, for an amount exceeding the defendant's liability, as claimed in the petition of the plaintiff; that Marks, under the provisions of section 736, after an ineffectual effort to make his execution good, out of property of the corporation, caused it to be re-issued against the defendant, to the amount of the defendant's entire liability, as claimed by the plaintiff, and that proceedings on this execution, against the defendant, are still pending. The defendant's appeal has simply suspended the carrying into effect of this execution.

If the plaintiff desired to question the validity of Marks' claim against the defendant, he had full opportunity to do so. If he claims that the proceeding of Marks, against the defendant, is collusive, he should have taken issue on the answer by reply. If he desired to await the termination of the defendant's appeal in the other case, he should have applied to the court for a continuance of his own proceeding.

He has done neither. By his demurrer he admits a valid claim against the corporation, by Marks, which, according to the rule above stated, is entitled to prior

satisfaction, out of corporate assets, if any, in the defendant's hands.

The judgment is affirmed. Thompson, J., concurs; Lewis, P. J., is absent.