STATE OF MAINE *vs.* BENJAMIN KAUFMAN.

Lincoln.    Opinion April 8, 1904.

*Fish and Game.*    Sardines,—Herring held as such.    *Stat. 1901, c. 240.*

The policy of the law seeks to regulate the canning business, for the purpose of protecting the fishing industry, by preventing the decimation of herring on the coast of Maine.

It is contrary to the Stat. of 1901, c. 240, regulating the packing of sardines, to pack and can herring between the first day of December and the tenth day of May following, although the fish are more than eight inches in length and are sold as brook trout.

On report.    Judgment for the State.

Indictment for unlawfully packing and canning 3277 cans of sardines at Boothbay Harbor, Lincoln County, on the 13th day of December, 1901, and between the first day of said December and the tenth day of May following.

By agreement of the parties the case was reported to the law court, the penalty to be fixed by the court below if the judgment should be for the State.

The evidence introduced disclosed that on the 13th day of December, 1901, the factory at Boothbay Harbor, of which the defendant was superintendent, had on hand 3277 cans of fish put up in decorated cans, which cans were marked "Mustard Sardines." The fish were all at least eight inches long. These fish, so put up, were in fact herring, and all to be marked, and some of them were marked "Brook Trout," and packed in souse and tomato. Sardines are always put up in mustard or oil, and never in souse and tomato in cans of these sizes. The fish were on hand the 1st of December, and well knowing that the packing time for sardines had expired on the 1st of December, they at once proceeded to pack them as "Brook Trout," and not as sardines. They used plain, square and oval

cans, until the supply was exhausted, and notwithstanding that they would lose the cost of the decorations, they continued to pack the fish, and thus saved them, in these cans, intending to remove and did remove the decorations subsequently. The decoration cannot be removed until after the can is sealed, otherwise it would spoil the can, since the chemical by which the decoration is removed, is very powerful. The decorations were all removed, and the cans were all marked "Brook Trout" and sold under that name.

The cost of packing herring as "Brook Trout," "Alaska Mackerel" and any of the various brands of fish known to the trade, is materially greater per case than to pack in the decorated cans as sardines.

The testimony on the part of the defendant showed that the packers received one-quarter more for packing the "Brook Trout;" that these were all retorted, that is, subjected to high steam pressure and not steamed or boiled as are sardines. They were sold at a higher price than sardines; and there was testimony on the part of the defendant that sardines are herring of small size packed in oil or mustard. There is a quarter-size can used occasionally with clear vinegar and whole spice put in with the fish, but with this exception alone sardines are always packed in oil or mustard.

The fish in question, were packed in souse and tomato and the defendant claimed, therefore, that they were not sardines.

*J. W. Brackett,* County Attorney, for State.

*G. B. Kenniston,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, POWERS, PEABODY, SPEAR, JJ.

PEABODY, J. This case is before us on report by agreement of the parties.

An indictment was found by the grand jury in the County of Lincoln at the April term, A. D. 1902, against the respondent for the violation of chap. 240 of the Public Laws of 1901 by packing sardines during close time.

The defense of the respondent is that he was packing, not sardines, but brook trout, as these products are commercially distinguished.

The fish known as sardines are found in the Mediterranean Sea, and on the coast of Italy, Spain and France, but not in American waters. In Maine herring is the fish usually packed for sardines.

The provision of the statute alleged to have been violated has reference to herring when used for canning purposes, and the regulation intended prohibits packing or cannnig sardines of any description between the first day of December and the 10th day of the following May.

The fish were canned by the respondent between these dates, but as shown by the evidence they were not less than eight inches in length.

Another provision contained in the same clause of the statute fixes the penalty for catching, packing, preserving, or selling, or offering for sale within the same dates, any herring for canning purposes less than eight inches in length measured from one extreme to the other.

There would be a logical inconsistency in holding that a person is liable to a penalty for canning fish which he may lawfully catch for canning purposes, and there is a seeming ambiguity which requires a construction of this statute. The rule should be observed, that in construing a penal statute an interpretation should be given which is most favorable to the innocence of the citizen, and most agreeable to reason and justice. But another and paramount rule of construction requires that the policy and intent of the legislature should be ascertained. Endlich on Int. of Stats., §§ 245, 330, 337.

The evidence discloses the fact that there are several kinds of sardines known in the packing business, differing as to the size of the fish and the process and treatment in canning. At certain periods of the year the herring used must not be less than eight inches in length, and at other seasons they may be of any length. They can be packed as standard sardines, or more expensively packed as a higher grade of sardines, or as imitation trout, or imitation mackerel. The treatment and process are elected by the packer, and distinguish the grades of the sardine product. But the policy of the law seeks to

regulate the canning business, for the purpose of protecting the fishing industry, by preventing the decimation of herring on the coast of Maine.

The words in which the ambiguity of the statute originates are "for canning purposes," and "of any description," in the clause referred to, not from any obscurity in the terms themselves, but in their relations to each other.

Assuming the intent of the legislature to be to prevent the extinction of the fish used in packing sardines, the words "for canning purposes," simply modify the limitation of the taking of herring under eight inches in length, which are principally used for sardines, and evidently do not imply a license to take herring of larger size for canning purposes in close time. It appears from the evidence that in packing these fish, and discarding the smaller, there is a waste, and there must necessarily be a diminished reproduction of the fish. The words, "of any description," are of wide application, and clearly prohibit all sardine canning within the time limits fixed by the statute.

A statutory definition of sardines within the meaning of the act relating to the packing of sardines might simplify this question, but we think the obvious intention of the legislature may be inferred from the context and the subject matter. The fish, process and treatment, used by the respondent in canning the goods which he calls and labels brook trout, fulfill all the conditions of canning sardines. To hold otherwise would defeat the purposes of the law.

*Judgment for the State.*