STATE OF MAINE
*vs.*
ARNOLD VOGL, EDITH VOGL AND ERNA FISHER,
CO-PARTNERS IN TRADE UNDER NAME OF
RIVIERA PACKING COMPANY

Kennebec.   Opinion, July 16, 1953.

*Alexander A. LaFleur, Attorney General,*

*Boyd L. Bailey,*

*Myles P. Frye,*

*Asst. Attys. General,* for plaintiff.

*Woodman, Skelton,*

*Thompson & Chapman,* for Defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, TIRRELL, JJ. MURRAY, A. R. J.

FELLOWS, J.   This is an action of debt brought by the State of Maine in the Superior Court for Kennebec County against the defendants, co-partners doing business under the firm name of Riviera Packing Company, to recover a tax on cases of sardines. The defendants filed a brief statement with the plea of general issue stating that no can used is designated a "15-ounce oval" and that the net contents of all oval cans packed by the defendants weighed one pound or more. The case comes to the Law Court on report. The court is to determine the legal rights and to render final judgment.

The issue is agreed to be this: Are the one pound cans packed by the defendants in 39,469 cases "15-ounce oval cans" within the meaning of Subsection III of Section 245 of Chapter 2 of the Public Laws of Maine 1951? If it be determined by the court that the cans packed by the defendants are "15-ounce oval cans" within such meaning, the defendants are subject to tax, and judgment shall be for the State in the sum of $9,867.25 with interest and costs. If it is determined that the cans are not "15-ounce oval cans" within such meaning, judgment shall be for the defendants with costs.

The principal facts agreed upon are that the defendants, Arnold Vogl, Edith Vogl, and Erna Fisher, are residents of Eastport, in the County of Washington, and are engaged in business as packers of sardines for sale as copartners under the firm name of Riviera Packing Company, and were engaged in such business during the period February 8, 1951 through October 4, 1952, both dates inclusive.

Ernest H. Johnson was and now is, the State Tax Assessor, and charged with the duty of administering the provisions of Sections 244-254 of Chapter 14, R. S., as enacted by Chapter 2 of the Public Laws of 1951, entitled "An Act to Provide for a Self-Imposed Tax on Sardines for An Industry Development Fund."

During the period February 8, 1951 through October 4, 1952, the defendants packed for sale 39,469 cases of sardines of 48 cans per case, in oval cans. The oval cans are flat cans, so-called, oval in shape, of approximately the following dimensions: 6½ inches long at their longest part, 4½ inches wide at their widest part and 1½ inches deep. The oval cans are manufactured by the American Can Company which produces only one size can of these dimensions, which were billed by American Can Company as "1#️ ovals." the symbol #️ means, according to Webster's New International Dictionary, Second Edition, "Pound," and the

cans are sold by the American Can Company as one pound cans. The same size, shape and kind of can is used for a 14-ounce, 15-ounce or 16-ounce or more, pack.

Within the sardine trade, at the time of enactment of Chapter 2, P. L., 1951 and thereafter, these cans have been termed "large ovals," "1-pound ovals," or "No. 1 ovals." There has been no oval can of a larger size used to pack sardines. The next smaller size oval can used for packing sardines was 6 inches by 3⅝ inches by 1¼ inches, and had a capacity of approximately one-half the oval cans in question here. These smaller cans are exempt from the tax. The defendants purchased the oval cans in issue from the American Can Company. The net weight of a single oval can when filled with sardines and packing media, will vary with the size of the fish packed, and the method of processing the fish before going into the cans. For example, the same can with light weight herring may yield only a net weight of 14 ounces, while a can filled with medium sized herring will produce a net weight of 16 ounces or over. The weight of the contents of a can will not be less than shown by the labels placed upon cans. For example, a light can may be labeled 14 ounces with contents of actual weight of 14.2 ounces, a heavier can 15 ounces or 16 ounces with contents of actual weight of 15.1 ounces and 16.3 ounces respectively. Or, as is true of part of the defendants' pack, a can may be labeled 15 ounces and actually contain over 16 ounces.

There are many types of containers used in the packing of sardines, such as: ¼ size, ½ pound ovals, ¾ size, 1 pound, 5 ounce or baby talls, and No. 1 or large talls. The method of processing and the ingredients used in the packing vary greatly. Thus, the contents of a ¼ size can may be labeled 3¼ ounces rather than 4 ounces; that of a ¾ size may be labeled 10 ounces rather than 12; or there may be different weights. And a 1# oval may be labeled 14 ounces, 15 ounces or 16 ounces, depending upon its contents.

The net weight of the above-mentioned oval cans packed by the defendants was 16 ounces each or over. However, part of the total number of cases of oval cans noted above, were labeled 15 ounces by the defendants. This was done for reasons of economy, as the defendants were using up labels which they had in stock from previous years and private labels for export firm customers for use in the export trade. When old labels were used up, new labels were adopted designating the quantity of the contents as "Net Contents 1 Lb."

The defendants paid no tax on the 39,469 cases of oval cans under the provisions of Chapter 2 of the Public Laws of 1951.

On October 15, 1952, Ernest H. Johnson, State Tax Assessor, assessed a tax in the sum of $9,867.25 upon the 39,469 cases of oval cans, packed for sale by the defendants, for the period of February 8, 1951, through October 4, 1952, inclusive. This assessment was made by the State Tax Assessor acting under the provisions of Chapter 2, P. L., 1951, and on the basis that the cases of oval cans consisted of "48 cans of 15 ounce oval cans" as specified in Subsection III of Section 245, Chapter 2, P. L., 1951. The assessment was certified to the defendants on October 17, 1952, and demand made for payment.

The defendants have maintained that the pack of oval cans were not subject to tax under the statute because they claim they were 1-pound ovals and not 15-ounce oval cans, and therefore have not paid assessment or any part thereof.

The Sardine Tax Law, Sections 244-254, inclusive, Chapter 14, R. S., added by Chapter 2, P. L., 1951, requires the State Tax Assessor to assess a tax of $.25 a case upon the privilege of packing sardines. The statute defines "case" of sardines so that only three described kinds are taxable: Cases of "one-quarter size cans," cases of "three-quarter size cans," and cases of "15-ounce oval cans."

The sole issue is whether the cans used were "15-ounce oval cans" within the meaning of Section 245, Chapter 14, R. S., 1944, enacted as Chapter 2, Public Laws, 1951. There is only one size of oval cans in which it is possible to pack 15 ounces of contents and that is the size the defendants used. But the defendants claim they have avoided tax liability by putting into these cans an extra ounce of fish.

The pertinent statutory sections, all added to Chapter 14, R. S., 1944, by Chapter 2, P. L., 1951 are:

**Sec. 246.** ". . . An excise tax of 25c per case is hereby levied and imposed upon the privilege of packing sardines . . . ."

**Sec. 245.** ". . . A 'case' of sardines shall mean:

**I.** 100 *one-quarter size cans* of sardines packed in oil, mustard or tomato sauce, or any other packing medium;

**II.** 48 *three-quarter size cans* packed in tomato or mustard sauce;

**III.** 48 cans of 15-ounce oval cans packed in mustard or tomato sauce, or any other packing medium." (Underlining supplied.)

To the agreed statement of facts, signed by counsel for the parties, are annexed the invoices, or contracts, with, and letters from, the American Can Company, manufacturers of practically all the cans used by the Maine sardine industry, and a statement from the U. S. Department of Interior, which exhibits show that the defendant purchased of American Can Company "#1 Oval Open Top — seamless; 607 x 406 x 108 — for Sea Herring, mustard or tomato pack." The American Can Company manufactures only one size oval can approximately 6½ x 4½ x 1½ inches. The American Can Company's letter, which was also made a part of the agreed statement, indicates that within the sardine industry, "large ovals," "1-pound ovals" and "15-ounce ovals" are used interchangeably.

The letter from the Department of the Interior, made a part of the agreed statement, says: "The oval can which is used in the sardine industry in both Maine and California has a calculated capacity of approximately 15 ounces, and is generally known in the trade as the 'No. 1-oval' or the 'One-pound oval.' The phrase '15-ounces net' is used in our statistical data to indicate the approximate net weight of the contents of a can rather than to designate the can size. Since the statute referred to in your letter uses the terms '100 one-quarter size cans' and '48 three-quarter size cans' in defining 'case,' it would appear that the term '48 one-pound oval cans' should also have been used as a matter of consistency instead of '48 cans of 15-ounce oval cans.' Items I and II define 'case' in terms of can size whereas Item III defines 'case' in terms of can and its contents."

According to a list published by the National Canners Association in its booklet, "Modern Labels for Canned Foods (October, 1951)" made a part of agreed statement, the "No. 1-oval can" has a capacity of approximately 15 ounces for sardine products. However, it is not required that exactly this weight of contents be used. This is indicated from the following excerpt which is taken from the above-named booklet.

> "Federal and various State laws require that a statement of net contents be given on the label. None of these laws specify what the weights shall be. There is a general requirement that the can be as full as practicable, but for any given product there may be small differences in fill which will affect the net weight or volume. Therefore, it is not possible to recommend or require a fixed weight that will cover all degrees of legal fill."

It is to be noted from the above statute that the excise tax of twenty-five cents is per case. It was not a tax on all sardines or all cases of sardines, but only on sardines that were packed in certain types of containers. See *Subsections I, II and III of Chapter 14, Revised Statutes 1944, Section*

*245, as enacted by Chapter 2 of the Public Laws of 1951.*
Subsection I places a tax on a case of 100 one-quarter size
cans, Subsection II places a tax on 48 three-quarter size
cans, and Subsection III provides for a tax on 48 cans of
*15-ounce oval cans.* As set forth in the agreed statement,
there are several other types of sizes of containers, and the
types vary greatly, but the Legislature saw fit to tax only
those cases of sardines packed in the containers described
in Subsection I, II, and III as above stated.

In this case the State claims that the cases of defendants'
pack are taxable under Subsection III as "15-ounce oval
cans." The defendants claim that they are not. The defend-
ants state in their brief: that the defendants are not only
presumed to know the law, but that the defendants did
know the law, having been active in the industry for many
years. The defendants further say in their brief that, if
they packed 15-ounce ovals, they knew they had to pay a tax
of $.25 per case; if they packed something that was not in-
cluded in Subsections I, II, and III, they knew there was no
tax. They therefore packed 16 ounces instead of 15 ounces
in each can. The defendants say that twenty-five cents per
case represents a substantial additional cost to the packer
per case, and the defendants ask "is it reasonable to believe
that they would voluntarily place this additional cost on
their packs?" In other words, the defendants say that they
would not do anything to impose a tax on themselves, when
they believed that there was no tax on a case of one-pound
oval cans, and a tax of 25 cents on a case of 15-ounce oval
cans. They say that every can they packed, that is involved
in this litigation, was especially processed so that the con-
tents of every can contained at least 16 ounces, net weight.
They intended to pack, and did pack "one-pound ovals," and
sold them as such. They say they did not pack "15-ounce
oval cans" that the statute specifies.

This statute, now in question, enacted as Chapter 2 of
the Public Laws of 1951, was passed by the Legislature at

the request of many in the sardine industry for the purpose of raising money from sardine packers to be spent for advertising Maine sardines. The question of the constitutionality of the act is not raised by the defendants. On the contrary, counsel for defendants stated in argument that not only is the question not raised, but he also urged that the constitutionality be in no manner considered. The court therefore in this case passes only upon the construction of the statute and does not consider any constitutional question or questions that perhaps might be raised.

The foregoing portion of this opinion contains the principal facts in the extensive "agreed statement of facts," as well as the claims and contentions of the parties relative to the construction of the statute in question.

The court must determine the intent of the Legislature when it enacted Chapter 2 of the Public Laws of Maine 1951. *Acheson et al.* v. *Johnson,* 147 Me. 275, 280.

What did the Legislature intend to accomplish? It is plain that it did not intend to tax the cases of sardines made up of sizes other than mentioned in Subsections I, II and III, whatever may have been its reason for omission to tax them. In the legislative mind, was "15-ounce oval can" and "one-pound oval can" synonymous? In arriving at legislative intent, did the two terms mean the same, and were they so recognized in the sardine trade? It is not a question as to whether the defendants did, or did not, seek to evade the law. It is a question of the legislative intent, and whether the 39,469 cases of sardines, admittedly packed by the defendants, were taxable under the terms of Subsection III of this statute as being cases of "48 cans of 15-ounce oval cans."

It is the opinion of the court that there can be no valid reason to doubt what was the intention of the Legislature. The statute is not ambiguous. The Legislature clearly intended to tax cases of sardines in three instances only, based

upon the number and size of the cans in the case. The cans were to be cans built for, and capable of containing, approximately one pound (Subsection III), or approximately twelve ounces (Subsection II), and approximately four ounces (Subsection I) whatever they may have been labelled and whatever (more or less) net amounts of fish were actually contained in the respective cans. It was in fact agreed by the parties that "a 1# oval may be labelled 14 ounces, 15 ounces or 16 ounces."

The defendants claim that the Legislature did not say "one-pound cans." The defendants packed one-pound cans. The defendants claim that the phrase "15-ounce oval cans" is not the same as "one-pound cans." They claim that they are therefore not taxable.

While statutes should be construed according to their plain import without regard to other legislative acts, *Ingalls* v. *Cole*, 47 Me. 530, it is interesting to note (and it might have been an aid to construction of this statute had it been ambiguous) that the Legislature of 1949 in Chapter 248, Public Laws of Maine 1949, in "An Act Relating to the Packing of Sardines," used the words "15-ounce oval cans" in the emergency preamble, "1-pound oval cans" in Section 1, and "15-ounce oval can" in Section 3. The Legislature in 1949 evidently recognized, and used, the two phrases as meaning the same. The court notices also, that the Legislature of 1953 in an emergency measure now in effect (Section 7, Chapter 171, Public Laws 1953), speaks of #1 oval can, "commonly known as a 1-pound or 15-ounce oval can." See generally, 36 Cyc. "Statutes," 1142, Sec. A, 6, IV, 59 Corpus Juris "Statutes," 1050, Sec. 620. See also 50 Am. Jur. "Statutes," 255, Sec. 265, and cases cited.

Were the contentions of the defendants valid, it would absurdly follow that if the defendants had packed and labelled these #1 ovals or 15-ounce oval cans "15¼ ounces," they would not be taxable. The court sees no magic in any

such deviations, and the legislative will cannot be thwarted by legerdemain.

According to the agreed facts, and the exhibits made a part of the evidence, persons in the sardine trade and manufacturers of sardine cans, would clearly understand what was meant if they were asked for a "15-ounce can" or if asked for a "1-pound oval." In either event, the purchaser would receive the same kind and size of can. He would receive the same can. The American Can Company makes only one kind of this approximate size. The defendants themselves, if they were asked to sell a "1-pound oval" or a "15-ounce oval" would certainly give the purchaser the same can. They admittedly labelled some of these cans 15 ounces and some 16 ounces.

In construing a statute, technical or trade expressions should be given a meaning understood by the trade or profession. *Portland Terminal Co.* v. *Railroad,* 127 Me. 428, 144 A. 390; 50 Am. Jur. "Statutes," 265, Section 277; *Conductors* v. *Swan,* 329 U. S. 520, 91 L. Ed. 471, 67 Sup. Ct. 405; *Sweeney* v. *Dahl,* 140 Me. 133; 59 Corpus Juris "Statutes," 979, Secs. 577, 578.

It is the considered opinion of the court that the cans packed by the defendants and sold as 1-pound cans, in the 39,469 cases, were "15-ounce oval cans" within the meaning of Subsection III of Section 245, Chapter 14, Revised Statutes 1944, enacted by Chapter 2, Public Laws of 1951. In accordance with stipulation of the parties, judgment must be for the State in the agreed amount, with interest and costs. The entry will, therefore, be

*Judgment for the State for $9,867.25 with interest and costs.*