STATE OF MAINE
*vs.*
MILBRIDGE CANNING CORP.

Kennebec.   Opinion, January 3, 1963.

*Ralph W. Farris, Asst. Atty. Gen.,* for the Plaintiff.

*Peter N. Kyros,*
*Donald Bourassa,*
*Reid, Brown and Wathen,* for the Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ.  DUBORD, J., retired before rendition of opinion.

WILLIAMSON, C. J.   The State seeks to collect an excise tax of twenty-five cents a case on sardines on the product

labeled "Herring Snacks" packed by the defendant. The case is reported to us from the Superior Court on an agreed statement of facts. The issue is whether the "Herring Snacks" in question are sardines within the meaning of the sardine tax law. R. S., c. 16, § 261-269, as amended. The pertinent part of Section 261 reads:

> "Sec. 261. Definitions.—For the purpose of sections 260 to 269, inclusive: The term 'sardine' shall be held to include any canned, clupeoid fish being the fish commonly called herring, particularly the clupea harengus.
>
> "A 'case' of sardines shall mean:
>
> "I.    100 one-quarter size cans of sardines packed in oil, mustard or tomato sauce, or any other packing medium; . . . "

The defendant in the words of the agreed statement "packed parts of a herring under the 'Custom House Brand' in soy bean oil and labeled said parts as 'Herring Snacks' under the name of the Riviera Packing Company of Eastport, Maine."

There is nothing in the case to suggest that the defendant failed to comply with pertinent standards or requirements of law relating to the packing or labeling of the product which is called "Herring Snacks." Only the applicability of the sardine tax is in issue.

The defendant also packed "Maine sardines" properly labeled as such under the same brand name in the same packing medium and in the same quarter size can. The defendant does not question its liability for the sardine tax on the "Maine sardines."

The answer to our problem is found in the definition of sardine in Section 261, *supra*. A sardine includes "any canned, clupeoid fish . . . herring . . . " A herring does not become a sardine under the statute until it is canned. We

construe the statute to mean that only a canned whole herring comes within the definition. In brief, the whole or entire fish, less of course the head and under certain conditions the tail, packed in a can becomes a sardine under the statute. The "parts of a herring," or in the descriptive phrase used in argument "herring chunks" were not a whole fish. Hence the "Herring Snacks" packed by the defendant were not sardines within the sardine tax law and were not subject to the excise tax. Of interest are *State* v. *Vogl, et al.,* 149 Me. 99, 99 A. (2nd) 66, dealing with the sardine tax law, and *State* v. *Kaufman,* 98 Me. 546, 57 A. 886, touching the regulation of the canning business many years ago.

From the agreed statement it appears that the State holds the amount of the claimed tax, or $1255, under an agreement to return the amount in the event the "Herring Snacks" should be held not taxable.

The entry will be

*Tax in amount $1255 abated.*

*Judgment for defendant.*