IRA MANVILLE, Appellant, *v.* WILLIAM ROEVER, Respondent.

### December 20, 1881.

1. Payment of a judgment confessed by a stockholder in favor of a *bona fide* creditor of the corporation, is a good defence to an action previously commenced against the stockholder by another creditor, if such payment exhausts the stockholder's liability.

2. In such a case it is immaterial, in the absence of fraud, that the creditor last suing, with knowledge of the pending suit derived from the stockholder, purchased the claims sued on, at a discount, for the purpose of suing the stockholder.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Affirmed.*

A. BINSWANGER, with whom is ED. CUNNINGHAM, JR., for the appellant : " Where a judgment has been obtained by fraud, and more especially by the collusion of both parties, such judgment may, even in an inferior tribunal, be treated as a nullity." — *Shedden* v. *Patrick*, 1 Macq. H. L. Cas. 535. The judgment of a court of competent jurisdiction may be avoided on the ground of fraud, but by this must be understood either a fraud in the procuring of the judgment, such as collusion or the like, or

fraud in the court itself. — *Cammell* v. *Sewell*, 3 Hurl. & N. 617; 4 Jur. (N. S.) 978; 27 L. J. (Exch.) 447.

Jacob Klein, for the respondent.

Bakewell, J., delivered the opinion of the court.

This is an action by a creditor of the People's Bank of Belleville, against a stockholder. The cause was tried without a jury, and there was a finding and judgment for defendant.

The statute of Illinois incorporating the bank provides that, in case of default in the payment of any liability of the corporation, the stockholders shall be individually liable to the amount of the stock held by them respectively.

It appears that plaintiff owns a certificate of deposit for $5,000, which was due and unpaid by the bank when it failed and made an assignment in April, 1878. Defendant owns ten shares of stock in the bank, of the par value of $1,000. This action was commenced in December, 1878. Respondent, when sued, went to John H. Fisse, an old friend of his, and was advised by Fisse that he had no defence to the action. Roever then told Fisse that he had rather pay a friend than a stranger, if he must pay debts of the bank, and that claims against the bank could be bought up in Belleville at low prices. Roever was referred by Fisse to Jacob Klein, a lawyer whom Roever knew before, and with whom Fisse was intimate, and whose office was on the same floor with that of Fisse. Roever employed Klein to defend him in proceedings of stockholders of the bank. Fisse bought up certificates of deposit against the bank to the face value of nearly $1,000, and began suit against Roever upon his liability as a stockholder, to the April term, 1879. Fisse employed as his attorney in this suit his son, a young lawyer who had been for a time in Mr. Klein's office, though he was then engaged in some business for his father, and occupied his father's office. On April 14, 1879, judgment was entered, by consent of parties, in

the suit of *Fisse* v. *Roever*, for $1,000 and costs, and it was satisfied on the same day, the amount being paid by Roever to Fisse.   On April 15th, the amended answer was filed by Roever in the present case, which sets up the recovery by Fisse as a defence.   Both Fisse and Roever swear that there was no understanding between them that Fisse should buy up claims against the bank to defeat a recovery by the plaintiff in this action; that there was between them no conversation as to that, and no agreement that Roever should defend the one action and allow judgment to go in the other.   There is no evidence that Fisse was acting in Roever's interest at all.   There is evidence that a printed copy of the act of incorporation of the Belleville Bank was served upon Roever, in the Manville suit, with the petition ; that it was torn from the copy, and that Fisse, Jr., filed such a printed document when he commenced, for his father, the suit against Roever.   Klein swears that he had no conversation with either of the Fisses as to defeating Manville's claim, or as to allowing judgment to go in the Fisse case and fighting off the Manville claim.

The court gave the following declaration of law at the request of plaintiff : —

" If the court, sitting as a jury, believe from the evidence that the defendant, Roever, prior to February 16, 1878, was a stockholder of the People's Bank of Belleville, owning ten shares of stock of said bank, of the par value of $100 each, and continued to be owner of said stock until April, 1879 ; that during said period the plaintiff was a creditor of said bank, and still continues to be such creditor, in the amount of $5,015.40 ; that default was made by said bank in the payment of said debt, and it has never paid same ; that this suit against said defendant, Roever, was instituted by Ira Manville, the plaintiff, in this court, on the tenth day of December, 1878, for the February term, 1879 ; that John H. Fisse had knowledge of the institution of the said suit by Manville against Roever ; that

said John H. Fisse thereafter did conspire and collude with defendant, for the purpose of defeating a recovery by plaintiff in this said suit, to purchase outstanding claims against said bank, and sue thereon said Roever as such stockholder of said bank; and if the court further believe that, in pursuance of such arrangement between said Fisse and Roever, said Fisse did purchase outstanding claims against said bank, and did sue said Roever as such stockholder on said claims so purchased, and that said Roever interposed no defence thereto, and permitted said Fisse to recover judgment for $1,000 against him, and satisfied said judgment, April 14, 1879; and if the jury believe that said judgment was permitted to be taken by said Fisse with the intent on the part of said Fisse and Roever to defeat this plaintiff's claim and prevent this plaintiff from recovering judgment against Roever, or realizing anything on this plaintiff's claim against the defendant Roever; and if the court further believe that the arrangement entered into between said Fisse and Roever was made with the intent to hinder, delay, or defraud this plaintiff, then the court, sitting as a jury, will [find] that the judgment obtained by said Fisse against the defendant, Roever, was fraudulently obtained, is no bar to this plaintiff's right of recovery herein, and will find for plaintiff in the sum of $1,000.''

The trier of the fact found from the evidence that there was no conspiracy between Roever and Fisse to defeat a recovery by plaintiff in this action. The evidence is consistent with the theory that Fisse bought the certificates of deposit as a speculation, relying upon a belief that Roever, as an old friend, would pay them in discharge of his statutory liability, and thinking that Roever could safely do so, if he chose, though he was already sued by a creditor of the bank.

There can be no doubt that Manville, by commencing his action against Roever, acquired no lien upon the liability

of Roever under the statute. *State Savings Assn.* v. *Kellogg,* 63 Mo. 540. And we do not perceive why the facts set up in the answer, and found by the court below, were not a defence to this action. Roever redeemed the amount of debts of the bank that he was bound to redeem.

In a similar case in Georgia (*Jones* v. *Miltberger*, 42 Ga. 575), it was held by the majority of the court, that one stockholder cannot, after one creditor of the bank has commenced suit against him on his liability, defeat the suit by paying other creditors, even though he pay the full amount of his liability. It is said that such payment, after notice of suit, would defeat the object of the legislature, and is against the policy of the act. The stockholder, it is suggested in that case, might, if this be permitted, compel any one suing him to compromise for a small percentage of his claim, by threatening to pay another creditor. But, as the stockholder can only discharge his liability by paying in full, there seems to be no such danger of a defeat of justice as to make it necessary to deprive the stockholder who is liable to the amount of his stock, of the right to discharge his obligation to redeem his proportionate part of the debt of the bank by paying this *bona fide* creditor of the bank, rather than that one. And, if, as it is held in Missouri in the case cited above, the creditor first suing the stockholder acquires no lien, we do not see how the right can be reasonably disputed. The institution of the suit by a creditor against a shareholder, does not vest in the creditor, by reason of such suit, a legal right to recover from the stockholder sued the amount of his claim, or the amount, not to exceed his claim, which the stockholder, under the statute, is bound to redeem of the debts of the bank. The creditor who first sues acquires no indefeasible priority of right thereby. This principle being established by the controlling authority of the case cited, and all questions of fraud being out of this case, by the finding of fact, we see no reason for reversing this judgment.

The instructions given fully covered the case, and appellant is not prejudiced by the refusal of the other declarations of law asked by him.

The questions which Klein did not answer were as to confidential communications with his client, which it would not have been proper to permit him to answer against the express objection of Roever. Nor do we see anything in the rulings as to evidence of which appellant can complain. It was immaterial, for instance, whether John H. Fisse intended, at some future day, to make a present to Roever or his family from money recovered on his judgment against Roever, whether a dividend had been declared on Fisse's certificates, or what Fisse may have thought as to the value of the certificates of deposit that he bought.

We think the judgment should be affirmed. It is so ordered. Judge Thompson concurs; Judge Lewis is absent.