THOMAS DONNELLY, Appellant, *v.* JOSEPH MULHALL,
Respondent.

April 25, 1882.

A judgment creditor of a corporation cannot, by proceeding under the statute
by motion against a stockholder, deprive a creditor at large of the benefit
of an action already instituted against the same stockholder.

APPEAL from the St. Louis Circuit Court, ADAMS, J.
*Reversed and remanded.*
M. KINEALY, for the appellant.
A. J. P. GARESCHÉ, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This is an action by a creditor of the Butchers and
Drovers' Bank, against a stockholder of the corporation,
brought under the statute (Rev. Stats., sect. 745), which
permits suits to be brought against the stockholders where
any company formed under the act concerning corporations
has dissolved, leaving debts unpaid. The petition was filed
on November 20, 1880.

Defendant alleges in his answer that, on January 11,
1881, and *nunc pro tunc* as of December 20, 1880, judg-
ment was rendered in the St. Louis Circuit Court against
said bank in favor of one Marks, for $7,981, on which judg-
ment execution was issued to the February term, 1881, and
returned *nulla bona*, and that, on February 25, 1881,
Marks served notice on Mulhall of a motion of Marks to
enforce the liability of Mulhall as a stockholder of said
bank, which motion in pending.

Plaintiff interposed a demurrer to the answer which the
court overruled, and there was final judgment for defendant
upon his answer.

The only question presented by the record is, whether
the fact that this motion was pending is a bar to plaintiff's
action.

The institution of suit by a creditor against a stockholder,. does not vest in the creditor, by reason of such a suit, a legal right to recover from the stockholder sued, the amount, · not to exceed his claim, which the stockholder, under the statute, is bound to redeem of the debts of the bank. The creditor who first sues acquires no indefeasible priority of right, and no lien thereby. *Manville* v. *Roever*, 11 Mo. App. 317 ; *State Savings Assn.* v. *Kellogg*, 63 Mo. 540. A judgment already rendered against a stockholder, to the· extent of his liability, in a suit brought by a creditor, may be pleaded as a defence to a subsequent action brought to charge him in respect of the same liability. *Woodruff* v. *Chittenden*, 4 Bosw. 406. But the general rule is, that a pending action cannot be pleaded in bar of another.

So far as the liability of stockholders to creditors is concerned, it has been declared to be a race of diligence. *Hannah* v. *Moberly Bank*, 67 Mo. 678.

The defendant here cannot be required to ask that these claimants interplead ; for a bill of interpleader is the appropriate remedy where different claimants threaten suits, and the one in possession of the fund disclaims any right to retain it, and admits that it belongs to one or other of them. The defendant here has a right to deny the validity of the claim.

Were the matter *res integra*, we should rather be disposed to hold that Donnelly, having singled out his stockholder, though a mere creditor at large, being *prior in tempore*, was potior *in jure*. This cannot be said, in view of what has been decided. But, what seems to be quite clear to us, is this : that the fact that the judgment creditor elects to move against the stockholder who has been pointed out to him by the diligence of the creditor who has selected his stockholder and begun suit against him, does not deprive the creditor at large of his right to prosecute his action against the stockholder whom he has selected. Counsel for respondent is in error in supposing that *Skrainka* v. *Allen* (7 Mo. App.

434) decides that the notice by a stockholder attaches as a lien, in such a sense as to give the judgment creditor an exclusive right to satisfaction from the stockholder upon whom he serves his notice. The notice, of course, puts the stockholder in such a position that he cannot free himself from liability by assigning his stock. The filing of the notice by the judgment creditor of the corporation was not, we think, a bar to the prior action against the stockholder by the creditor at large.

The judgment will be reversed and the cause remanded. All the judges concur.