## MANVILLE *v*. KARST.[*]

*(Circuit Court, E. D. Missouri.  May 8, 1883.)*

1. CORPORATIONS — STOCKHOLDERS — DOUBLE-LIABILITY CLAUSE — JUDGMENT OBTAINED BY COLLUSION.

Where A., a stockholder in an insolvent bank, became liable in the sum of $1,200, under a double-liability law, to the creditors of the bank, and was sued for that amount by B., an admitted creditor, and A. a few days thereafter, and before judgment could be had in the ordinary course, agreed with C. that if the latter would buy up claims against the bank to the amount of his liability he would confess judgment in his favor, and C. accordingly bought up claims to that amount at a large discount, from a stockholder in said bank, and A. confessed judgment in his favor for the full amount of the claims, and paid the same, *held,* that such judgment and satisfaction could not be pleaded in bar to the suit brought by B.

Action against Stockholder of Insolvent Bank.

*Edward Cunningham,* for plaintiff.

*C. E. Pearce,* for defendant.

TREAT, J.  The defendant admits that, as a stockholder in the insolvent bank at Belleville, he became liable in the sum of $1,200, under the double-liability law, to the creditors of that bank. The plaintiff, being an admitted creditor, sued defendant accordingly. A few days thereafter, and before judgment could be had in the ordinary course, a friend of the defendant bought up outstanding claims against the bank at a large discount, and, through confession of judgment by defendant, obtained full payment of the sum of $1,200. This latter judgment, and satisfaction thereof, are pleaded in bar to the

*Reported by B. F. Rex, Esq., of the St. Louis bar.

present suit. It appears that both the defendant and his friend were fully aware of the pendency of this suit, and they supposed that the subsequent purchase of outstanding indebtedness, with a confession of the judgment thereon, would operate not only as a preference of one creditor over another, but also in enabling the friend, through the defendant's co-operation, to defeat plaintiff's rights and possibly make a speculation to the injury of this creditor, even if there were no understanding that defendant was to share in the speculation.

The supreme courts of Missouri, and seemingly of Illinois, have held that a stockholder, when sued, or before suit, can pay outstanding demands, and, having surrendered them for cancellation, can plead that fact in bar to the extent of the amount so bought and canceled. The reasons given in those cases for the conclusions reached are purely technical and not satisfactory, even on technical grounds, for they ignore the general spirit and purpose of the law of double liability, and leave the door wide open for fraud. If this court is at liberty to go behind those decided cases, it would certainly agree with the appellate court of the fourth district of Illinois,— *Gauch* v. *Harrison*, (WALL, J.,)—in which sounder views are expressed —those more consonant with the purposes of the statute and the rights of parties, and even with technical rules.

If a stockholder cannot set off the debts of the corporation to him, in order to defeat his liability, why should he be permitted through a friend to defeat a just claim against himself when sued, by confessing judgment in favor of that friend, prior to the possible time when the creditor originally suing could obtain judgment on a valid demand, except by consent?

In the absence of proof that the confessed judgment was in whole or part for the defendant's benefit, or that the same was collusively contrived to defeat the plaintiff, the technical rulings referred to might be conclusive, although no adjudged cases cover fully the facts and circumstances under consideration.

The salient facts are that the defendant was sued by this plaintiff; that he conversed with his friend on the subject; that they were satisfied of his liability; that it was understood defendant would confess judgment in favor of his friend if he bought up demands against the bank; that thereupon demands were bought up at a heavy discount, judgment confessed, etc. Those demands were bought from a well-known stockholder who could not use them in his own case.

It may be that the technical rulings of the Missouri and Illinois supreme courts might lead to the extent claimed by defendant, but

the views of Judge WALL are far more consistent with sound law, right, reason, and strict justice. They commend themselves fully to the judgment of this court. The result is, that judgment will have to be entered in favor of plaintiff for the sum of $1,200.

The cases especially referred to are *State Savings Ass'n* v. *Kellogg,* 63 Mo. 540; *Manville* v. *Roever,* 11 Mo. App. 317; *Buchanan* v. *Meisser,* Ill. Sup. Ct. MS.; *Gauch* v. *Harrison,* Fourth App. Ct. Ill. MS.; *Jones* v. *Wiltberger,* 42 Ga. 575; *Cole* v. *Butler,* 43 Me. 141; Thomp. Liab. Stockh. §§ 424, 425.

It is not to be considered that this court admits that the decisions of the supreme court of Illinois go to the extent claimed by the defendant, but merely that if they do, this court follows, as more persuasive, the views of Judge WALL heretofore referred to. Were any other views to obtain than those here indicated, the double-liability clause would be comparatively futile, for a stockholder could, at pleasure, defeat the rights of a creditor pursuing him, by securing the intervention of a friend, or by transferring his claims which he could not use as a set-off, and have them made the basis of a suit against himself, whereby the obligation imposed on him by law would be defeated.