L. A. COQUARD, Respondent, *v.* J. CARRIE MARSHALL,
Appellant.

### May 29, 1883.

1. STOCKHOLDERS. — Shares of stock having, among other things, been allotted, under the statute, to a widow, out of her husband's estate, and an order of distribution made and the estate settled, she having assented to the order and accepted a part of the property so allotted, became a stockholder and liable to a creditor of the corporation.

2. —— This liability attaches though she had not actually received the stock, and though there had been no transfer on the books of the corporation to her or to the administrator.

3. —— The creditor's failure to prove up the claim, which had matured, against the deceased stockholder's estate is no bar to an action against the distributee of the stock.

4. —— A creditor who first sues a stockholder does not thereby acquire an indefeasible priority.

5. —— That proceedings by other creditors against the stockholder are pending is no defence to the action.

APPEAL from the St. Louis Circuit Court, BOYLE, J.
*Affirmed.*

KERR, GIBSON & KERR, for the appellant.

GILLIAM & FERRIS, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This was a motion for execution against defendant, as a stockholder in the Butchers and Drovers' Bank. On hearing, the trial court ordered execution against defendant.

The facts are embodied in an agreed statement, and are substantially as follows : —

Plaintiff obtained judgment, on November 4, 1881, against the Butchers and Drovers' Bank, for $1,554.09. The bank is insolvent, and execution was returned *nulla bona.* This proceeding was instituted in June, 1882.

Defendant is the widow of Alexander Marshall. On November 15, 1875, D. K. Ferguson, qualified as admin-

istrator of Marshall, and gave due notice of his letters; and made final settlement of the estate on December 28, 1877; and was then ordered to make distribution. Marshall, when he died, owned thirty shares of stock in the Butchers and Drovers' Bank, which were duly inventoried as one certificate, No. 91, for thirty shares, $100 each, $3,000. Fifty per cent of the face had been paid. There had been no assessment beyond that sum. Defendant, on October 20, 1876, filed in the probate court her election as widow, under the statute, duly acknowledged, as follows: "I, Carrie Marshall, widow of Alexander Marshall, do elect to take all the real and personal estate which came to said Alexander Marshall, deceased, by right of our marriage absolutely; and one-half of the real and personal estate belonging to my said husband at the time of his death, absolutely, in lieu of dower of the one-third part of all lands whereof my said husband, or any other person to his use, was seized of an estate of inheritance at any time during our coverture, to hold and enjoy during my natural life." No part of the personalty came to Marshall in right of his marriage. In addition to the Butchers and Drovers' stock, the administrator, on final settlement, was charged with other stocks and bonds, of the actual value of $10,000. On April 15, 1878, the probate court appointed three commissioners to divide the personal estate of Marshall, who died without children. These commissioners, in their report, allotted to defendant, in lieu of her undivided interest in said estate, among other stocks, bonds, and notes, fifteen shares of Butchers and Drovers' Bank stock, of the face or par value of $100 per share. This report, filed July 11, 1878, was approved on the 20th of same month. Defendant received of the other stock, bonds and notes, to the value of $5,000. The Butchers and Drovers' Bank stock has never been transferred to defendant on the books of the bank. The bank ceased business on July 12, 1877.

1. In *Roeder* v. *Knoebel* (12 Mo. App. 587,) we decided that, where an executrix inventoried certain stock as belonging to the estate, received this stock as residuary legatee, and so stated on final settlement, and had received four dividends on the stock, whether as executrix or distributee, these facts constituted her a shareholder, and liable as a shareholder to creditors of the corporation; and that it is immaterial that the stock was not transferred to her on the books of the company; and that the fact that the debt sued on had matured against the estate of the intestate when the bank made its assignment as an insolvent, and that it was not proved against that estate, is no bar to the claim against the distributee as holder of the stock.

2. There can be no doubt that the title to the stock passed to the defendant. The proceedings for partition of the personalty were in conformity with the statute. Rev. Stats., sect. 247. No exceptions were filed to the report of commissioners. · Section 249 provides that the order made settles the claims of the distributee. The order was not appealed from. Defendant received $5,000 of property under the order of distribution, and must be taken to have assented to it. The property in the stock passed. After the order the administrator held the certificate of stock for the distributee, and was bound to deliver it to her on demand.

3. The answer of defendant set up that at the October term, 1881, of the circuit court, one Reel, as a judgment-creditor of the bank, sued defendant as distributee of her husband's estate, alleging that the stock received by her from the estate was unpaid, and that this suit is pending. But the pendency of this other action was no defence to plaintiff's motion.

The creditor who first sues' acquires no indefeasible priority. *Manville* v. *Roever*, 11 Mo. App. 317.

The judgment is affirmed. All the judges concur.