## THE SAVINGS ASSOCIATION OF ST. LOUIS, Respondent, *v.* EDWARD W. O'BRIEN, as Administrator, etc., of JOHN W. CONLOGUE, Deceased, Appellant.

*Action by a judgment-creditor of a railroad corporation, organized in another State, against holders of its shares to enforce a statutory liability created by the laws of that State — when allegations as to the construction of the statute, by the courts of that State, cannot be controverted on a demurrer — the courts of this State will generally follow the construction so placed upon it — statutory remedy, if prescribed, it must be followed.*

Upon an appeal from an interlocutory judgment, entered upon a decision overruling the defendant's demurrer to the plaintiff's complaint, it appeared that the defendant's intestate died in this State the owner of 250 shares, of the par value of $100 each, of the capital stock of the Illinois, Missouri and Texas Railroad Company, a corporation organized under the laws of the State of Missouri, and that the plaintiff was a banking corporation, organized under the laws of the same State; that, in an action prosecuted in the courts of the State of Missouri, it had recovered a judgment against the said railroad company for the sum of $33,973, upon which an execution against the property of the railroad company was issued in due form of law and returned unsatisfied, and that the said judgment remained wholly unpaid.

This action was brought by the plaintiff to recover from the defendant, as administrator of John W. Conlogue, an amount equal to the par value of the stock owned by said Conlogue at the time of the dissolution of the said corporation, to be applied towards the satisfaction of the plaintiff's debt, represented in and by the said judgment, upon the ground, as claimed by the plaintiff, that the shareholders of the said corporation were, by the laws of the State of Missouri (1 Wagner's Stat., §§ 13, 22, chap. 37, art. 1, p. 291), personally liable to the creditors of the corporation, in an amount equal to the par value of each share of the capital stock owned by them.

It was alleged in the complaint that, by the provisions of the statute set forth therein, as defined, construed and enforced by the courts of the State of Missouri, when any railroad corporation, organized under and by virtue of the laws of that State, shall have become dissolved, any creditor of such corporation, upon the return of an execution against it unsatisfied, may have an action against any stockholder of such corporation, who shall have been such at the time of the dissolution, to collect the par value of such stock so owned by him, and such stockholder and his estate shall be liable to pay the same to the amount unpaid on the judgment recovered against the corporation.

*Held,* as the inquiry as to what are the laws of another State presents a question of fact, and when necessary may be alleged in the pleadings as a fact, that these allegations, as to the meaning and purpose of the statute under consideration, must be received as true in disposing of the demurrer.

That the construction placed upon the statutes of another State by the courts of that State is, as a general rule, controlling and will be followed by the courts of this State.

*Jessup* v. *Carnegie* (80 N. Y., 441) followed.

That, as it was alleged that the highest court of the State of Missouri had given a construction to the statute on which the plaintiff relied as giving him the right of action against the defendant, the court was not, under the foregoing rule, permitted to decide, *de novo*, whether the adjudication was correct or not.

That it was to be presumed that the decedent purchased the stock which he held at the time of the dissolution with full knowledge of the statute, and the construction which had been given to it by the courts of that State, and consented to assume the obligations imposed thereby.

That this was not a judgment-creditor's suit, as actions of that character are authorized under and by the laws of this State, but was an action at law to enforce a liability between the shareholder and the creditor of the company.

Where a statute creates a right or liability and prescribes a remedy, such remedy is the only one that can be resorted to for the purpose of enforcing the liability; but where a general liability is created by statute and no particular remedy is prescribed the liability may be enforced by an appropriate common-law action.

The complaint alleged that the intestate purchased his shares of stock from the company, for which he agreed to pay their par value, and that at the time of the dissolution he remained indebted to the company in that sum, and the plaintiff claimed that, under the sections of the statute referred to, he was entitled to recover in this action so much of that indebtedness as might be necessary to extinguish the amount of his judgment.

*Held*, that, even if it were true that the estate of the deceased was indebted for the purchase-price of the stock, yet, as the statute contained no provision authorizing any of the creditors of the company to maintain an action to recover such indebtedness, such right of action belonged to the officers of the law, who, since its dissolution, represented the shareholders and creditors of the corporation.

APPEAL from an interlocutory judgment entered upon a decision rendered at the Steuben Special Term March, 1888, overruling the defendant's demurrer to the plaintiff's complaint.

The grounds of the demurrer are (1) that the court has no jurisdiction of the subject of the action; (2) that the complaint does not state facts sufficient to constitute a cause of action; (3) that the complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiff against the defendant.

*George T. Spencer*, for the appellant.

*F. A. Williams*, for the respondent.

BARKER, P. J.:

The defendant's intestate died in this State the owner of 250 shares, of the par value of $100 each, of the capital stock of the Illinois,

Missouri and Texas Railroad Company, a corporation organized
under the laws of the State of Missouri. The plaintiff is a banking
corporation organized under the laws of the same State, and
authorized to maintain actions at law for the purpose of collecting
debts due it. The plaintiff, in an action prosecuted in the courts of
the State of Missouri, recovered a judgment against the said railroad
company for the sum of $33,973, upon which an execution against
the property of the defendant was issued in due form of law
and returned unsatisfied, and the said judgment remained wholly
unpaid. This action is prosecuted for the purpose of recovering
from the defendant, as the administrator of the estate of John W.
Conlogue, an amount equal to the par value of the stock owned by
him at the time of the dissolution of the said corporation, to be
applied towards the satisfaction of the plaintiff's debt represented in
and by the said judgment upon the grounds, as claimed by the
plaintiff, that the shareholders of the said corporation are by the laws
of the State of Missouri personally liable to the creditors of such
corporation in an amount equal to the par value of each share of
the capital stock owned by them. The defendant denies the
alleged liability, and insists if any liability whatever exists against
the stockholders in favor of the creditors of said corporation, the
same can only be enforced in the courts of the State of Missouri,
by the laws of which State the liability was created.

The questions presented by the demurrer depend for their solution
upon the proper construction to be given to the statutes of the State
of Missouri relative to the subject; and the plaintiff has set forth
in his complaint the provisions thereof on which, as he contends, the
stockholders' liability is founded. The sections of the statute set forth
in the complaint are contained in chapter 37, article 1, volume 1, page
291, of Wagner's Statutes, of which section 13 is as follows : "If any
execution shall have been issued against the property or effects of a
corporation, and if there cannot be found whereon to levy such execu-
tion, then such execution may be issued against any of the stockholders
to an extent equal in amount, to the amount of stock by him or her
owned, together with any amount unpaid thereon ; provided, always,
that no execution shall issue against any stockholder, except upon an
order of the court in which the action, suit, or other proceeding shall
have been brought or instituted, made upon motion in open court,

after sufficient notice in writing to the person sought to be charged; and upon such motion, such court may order execution to issue accordingly." Section 22 is as follows : " If any company formed under this act dissolve, leaves debts unpaid, suits may be brought against any person or persons who were stockholders at the time of such dissolution, without joining the company in such suit ; and if judgment is rendered and execution satisfied, the defendant or defendants may sue all who were stockholders at the time of the dissolution for the recovery of the portion of such debt for which they were liable, and the execution upon judgment shall direct the collection to be made from the property of each stockholder, respectively ; and if any number of stockholders, defendants in the case shall not have property enough to satisfy his or their portion of the execution, then the amount of the deficiency shall be divided equally amongst all the remaining stockholders, and collection be made accordingly, deducting from the amount a sum in proportion to the amount of the stock owned by the plaintiff at the time the company was dissolved." We think it is substantially averred in the complaint, that the provisions of these sections are applicable to all railroad corporations organized after their adoption by the legislature of that State, and that the railroad company in which the intestate was a shareholder was created after the said sections became a law.

On the argument the learned counsel for the respondent conceded that the remedy given to the judgment-creditors of the corporation by the provisions of section 13 can only be enforced in the courts of the State of Missouri, and in the mode and by the process therein prescribed. This brings us to the consideration of the serious and important question presented by the demurrer, whether under section 22 the personal liability, imposed on the stockholders to the extent of the par value of the shares held by them, may be enforced by the creditors of the corporation in a common-law action brought by them in any jurisdiction outside of the State of Missouri? The answer which must be made to this question is found in the decisions of the courts of this State, and it is against the defendant's contention ; for it has been frequently held under similar statutes that a personal liability is created on the part of the shareholder which may be enforced in a common-law action in any State where the shareholder may be found. · Every shareholder in a corporation is

supposed to be cognizant of the provisions of its charter, and the general laws of the State which relate to his duties as such shareholder; and which define the nature and extent of his liability to the creditors of the corporation. After paying for his stock at the subscription or contract-price to be paid therefor, the shareholder is under no other pecuniary obligation to the corporation or its creditors unless the same is imposed by some statute; there is no further common-law liability arising out of the transaction. If the charter of the corporation or the general laws of the State creating it declare a personal liability against the shareholders equal to the amount of the capital stock which may be enforced in the name and for the benefit of any creditor, and does not prescribe the mode and manner of enforcing such liabilities, then the liability follows the person of the stockholder, and may be enforced as other personal obligations are enforced according to the course of procedure existing in the place where the individual sought to be charged is found; but if the effect of the statutory provision is not to charge the property of the stockholder generally, but only to an amount equal to the stock upon prescribed conditions and by a specific process, the remedy of the creditor must be sought according to the terms and by the means prescribed by the charter. (*Lowry* v. *Inman*, 46 N. Y., 119.) It is a general rule of law that where a statute creates a right or liability and prescribes a remedy, such remedy is the only one which can be resorted to for the purpose of enforcing the liability. The legal questions involved in the discussion, whether the statute under consideration creates a personal liability on the part of the shareholders, and, also, whether it does or does not prescribe a specific mode of process for its enforcement, are stated in the case of *Pollard* v. *Bailey* (20 Wall. [U. S.], 526), as follows: "The individual liability of stockholders in a corporation for the payment of its debts is always a creature of statute. At common law it does not exist. The statute which creates it may also declare the purposes of its creation, and provide for the manner of its enforcement. * * * (In this case) the liability and the remedy were created by the same statute. This being so, the remedy provided is exclusive of all others. A general liability created by statute without a remedy may be enforced by an appropriate common-law action.

But where the provision for the liability is coupled with a provision for a special remedy, that remedy, and that alone, must be employed." (*Fourth Nat. Bank* v. *Francklyn*, 120 U. S., 747; *Flash* v. *Conn.*, 109 id., 371; *Corning* v. *McCullough*, 1 N. Y., 47.)

By section 22, as above quoted, it is declared in positive terms that when a corporation has been dissolved, leaving debts unpaid, suits may be brought against any person or persons who were stockholders at the time of such dissolution, without joining the company in such suit. In the same section there is also a provision giving the stockholder sued by a creditor, in case judgment is rendered against him, which he shall have paid, a remedy by a suit in equity against all the other stockholders to enforce contribution and to secure complete indemnity. It is singular that a statute of the importance of this one should be enacted without a more definite declaration for whose benefit the right of action is given, and, also, a statement defining the measure of the stockholders' liability. Notwithstanding the obscurity of the statute, it may be freely inferred that the liability imposed is a personal obligation, and may be enforced as other obligations may be enforced against individuals by a common-law action. No special course of procedure against the stockholder is indicated by this section, and from all the provisions contained in the sections quoted, it may be inferred that the debt which may be enforced by the action must be one owing by the corporation to some one of its creditors. The remedy given a stockholder by the provisions of the same statute, to enforce contribution from the other shareholders, must be by an original suit instituted against them. If such contributions could be enforced in any way or manner in the suit prosecuted by the creditor against the shareholder, then it would be very clear that the right given the creditor to sue the shareholder is accompanied by a special remedy, and that would exclude all other means for the enforcement of the stockholder's liability. We find no provision in the statute declaring that the liability of the other stockholders to contribute is made to depend upon the condition that the shareholder's liability to a creditor should be enforced in the courts of the State of Missouri. Wherever a stockholder may be sued by a creditor for the purpose of enforcing the former's liability, the extent and nature of his liability is fixed by the statute, and he must pay the judgment

recovered against him before he can make claim for indemnity against the other shareholders. Without a clear provision to the contrary, the creditor's right to maintain suits against a shareholder should not be limited to those stockholders who are residents of or might be found within that State, for it is fair to infer from the business which the corporation was authorized to do, that it would have transactions and dealings with parties not residents of the State of Missouri. The provisions of the statute, which we deem doubtful and obscure as to their meaning, have received an interpretation by the highest courts of the State of Missouri, which we may accept and follow as our guide in declaring the rights of creditors and the obligations of stockholders under the same. In the cases hereafter cited it has been held that, under said section 22, a stockholder is liable to the creditors of the corporation to the amount of the par value of his stock, and that such liability may be enforced after the company has been dissolved, in a suit in the nature of an action at common law, in the name of and for the benefit of an individual creditor against any stockholder, who was such at the time of the dissolution. (*Perry* v. *Turner*, 55 Mo., 418; *State Savings Association* v. *Kellogg*, 63 id., 540; S. C., 52 id., 583; *Donnelly* v. *Mulhwal*, 12 Mo. App. Rep., 139.)

It is alleged in the complaint that by the provisions of the statute set forth therein, as defined, construed, administered and enforced by the courts of the State of Missouri, when any railroad corporation, organized under and by virtue of the laws of that State, shall have become dissolved, any creditor of such corporation, upon return of an execution against it unsatisfied, may have an action against any stockholder of such corporation who shall have been such at the time of the dissolution, to collect the par value of such stock so owned by him, and such stockholder and his estate shall be liable to pay the same to the amount unpaid on the judgment recovered against the corporation. This averment as to the meaning and purpose of the statute under consideration must be received as true in disposing of the demurrer.

The inquiry as to what are the laws of another State presents a question of fact, and, when necessary, may be alleged in the pleadings as a fact. The construction placed upon the statutes of another State by the courts of that State is, as a general rule, controlling,

and will be followed by the courts of this State. (*Jessup* v. *Carnegie*, 80 N. Y., 441.) As it is alleged that the highest court of the State of Missouri has given a construction to the statute on which the plaintiff relies as giving him a right of action against the defendant, we are not, under the foregoing rule, permitted to decide, *de novo*, whether the adjudication was correct or not.

It is to be presumed that the decedent purchased the stock which he held at the time of the dissolution, with full knowledge of the statute and the construction which had been given to it by the courts of that State, and consented to assume the obligations imposed thereby. The recovery of a judgment by the plaintiff against the corporation in the State of Missouri, and the return of an execution unsatisfied, is a compliance with the condition precedent, as the same is alleged in the complaint upon which the liability of the decedent, as a stockholder, is made to depend.

This is not a judgment-creditor's suit, as actions of that character are authorized under and by the laws of this State, but is an action at law to enforce a liability in the nature of a contract between a shareholder and a creditor of the company. (*Flash* v. *Conn.*, 109 U. S., 371.) The remedy provided in section 13, by which the defendant's obligation to a creditor may be enforced, is special and wholly distinct and independent of the right to resort to an original action as given by section 22, and thus the laws of the State of Missouri confers two remedies in behalf of the creditor, and he may elect which he will pursue.

In the complaint it is alleged that the intestate purchased his shares of stock from the company, for which he agreed to pay their par value, and that at the time of the dissolution he remained indebted to the company in that sum, and the plaintiff claims that, under the sections of the statutes referred to, the plaintiff in this action is entitled to recover so much of that indebtedness as may be necessary to extinguish the amount of its judgment. If it be true, as is alleged, that the estate of the deceased is indebted for the purchase-price of the stock, we fail to discover any provision in the statute authorizing any of the creditors of the company to maintain an action to recover such indebtedness, for, unless some statute otherwise provides, such right of action belongs to the officer of the law who, since its dissolution, represents the shareholders and creditors of the corporation.

We think the complaint avers the fact to be, that the corporation was dissolved before the commencement of this action, and that at that time the intestate owned the number of shares stated. Conceding, as we must, in disposing of the demurrer, that all the facts averred in the complaint are true, then we think a good cause of action against the defendant was stated in the complaint.

The judgment should be affirmed, with costs, and leave given the defendant to withdraw the demurrer and to answer within forty days, on payment of the costs of the demurrer and of this appeal.

All concur.

Judgment affirmed, with costs, with leave to defendant to withdraw demurrer in forty days, and to answer on payment of the costs of this appeal and of the demurrer.