EDWARD   MARSHALL,   Respondent,   *v.*   GEORGE   R.   SHERMAN, Appellant.

*Stockholders of a corporation incorporated under the laws of the State of Kansas — liability thereof to creditors of the corporation — how and where such liability may be enforced.*

The ordinary statutory liability of a stockholder of an insolvent bank to its creditors is a contract liability, and as such is enforcible in any State or court where jurisdiction can be obtained of the person.

Every shareholder in a corporation is supposed to be cognizant of the provisions of its charter and the general laws of the State under which the corporation is organized, which relate to his duties and obligations as such shareholder, and which define the nature and extent of his liability to the creditors of the corporation.

The personal liability of stockholders created by the charter of a corporation, for the corporate debts, is not in the nature of a penalty or forfeiture, and does not exist solely as a liability imposed by statute. It is not enforced simply as a statutory obligation, but is regarded as having been voluntarily assumed by the act of becoming a stockholder.

By such act the stockholder assents to be bound, or that his property shall be charged with the debts of the corporation, to the extent and in the manner prescribed by the act of incorporation. Where, therefore, the act of incorporation of a foreign corporation declares in terms that each stockholder shall be individually liable for the debts of the corporation, the courts of the State of New York are open to a creditor of such corporation to enforce the liability of the stockholder for such debts, according to the terms of the charter, unless an exclusive remedy for such enforcement is provided in the State where the corporation was organized.

No exclusive remedy is provided by the statutes of the State of Kansas in behalf of a creditor of a banking corporation against the stockholders thereof; and a creditor of an insolvent corporation organized under the laws of such State, who desires to charge the stockholders personally and who has obtained a judgment against the corporation, and has issued an execution thereon, if no property of such corporation can be found whereon to make a levy, may then issue an execution against any of the stockholders of such corporation and enforce it to an extent equal in amount to the amount of stock owned by such stockholder, together with any sum unpaid thereon, or " the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment."

The first of such remedies can only be availed of in the State where the judgment is obtained against the corporation and only against the stockholders in such State, or those of them who have property therein, and is not available against foreign stockholders.

The second remedy is not exclusive, but may be taken advantage of in any jurisdiction, and the action contemplated by such statute may be maintained against a single stockholder of such corporation.

APPEAL by the defendant, George R. Sherman, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, made on the 13th day of February, 1894, and entered in the office of the clerk of the county of Essex upon the decision of the court rendered after a trial at the Clinton Special Term overruling the defendant's demurrer to the complaint, with notice of an intention to bring up for review upon such appeal an order made at the Clinton Special Term on the 13th day of February, 1894, and entered in said clerk's office overruling said demurrer.

*C. B. McLaughlin,* for the appellant.

*Riley & Cantwell* and *Frank N. Hagar,* for the respondent.

HERRICK, J.:

This is an appeal from a judgment against the defendant overruling his demurrer to the plaintiff's complaint.

The plaintiff is a judgment creditor of the " Miltonvale State Bank," a corporation existing under the laws of the State of Kansas; the defendant is a stockholder in the same bank.

The plaintiff's complaint shows that in 1859 the people of the State of Kansas adopted a Constitution, which, amongst other provisions, contains the following : " Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned. by each stockholder, and such other means as shall be provided by law, but such individual liabilities shall not apply to railroad corporations nor corporations for religious or charitable purposes."

In October, 1868, the Legislature of the State of Kansas passed a law providing for the incorporation of banking institutions; said act provided, amongst other things, as follows : " If any corporation created under this or any general statute of this State, except railway, or charitable or religious corporations, be dissolved, leaving debts unpaid, suits may be brought against any person or persons who were stockholders at the time of such dissolution without joining the corporation in such suit, and if judgment be rendered and execution satisfied, the defendant or defendants may sue all who were stockholders at the time of the dissolution for the recovery of the portion of such debt for which they were liable, and the execution upon the judgment shall direct the collection to be made from property of each stockholder respectively ; and if any number of stockholders (defendants in the case) shall not have property enough to satisfy his or their portion of the execution, then the amount of deficiency shall be divided equally among all the remaining stockholders, and collections made accordingly, deducting from the amount a sum in proportion to the amount of stock owned by the plaintiff at the time the company dissolved."

Said act also contains a further provision, reading as follows : " Execution Against Stockholder ; Action. If any execution shall have been issued against the property or effects of a corporation, except a railway, or a religious or charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon ; but no execution

shall issue against any stockholder, except upon an order of the court in which the action, suit or other proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged; and upon such motion such court may order execution to issue accordingly, or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment."

Such statutes were subsequently embodied in a revision of the laws of the State of Kansas, made in 1879 and 1889; and the complaint alleges that they are now, and ever since their enactment have been, the law of the State of Kansas.

The complaint sets forth the manner of incorporation provided by statute, and that in July, 1886, a corporation was duly organized under such laws of the State of Kansas, under the name of the "Miltonvale State Bank."

The complaint also, by appropriate allegations, shows that the plaintiff became a creditor of said bank; that he obtained a judgment against such banking corporation upon his claim against the same, and that execution was issued thereon and returned unsatisfied.

It also sets forth that such banking corporation has been dissolved and has ceased to do business, and that a receiver thereof has been appointed; that such receiver has paid a portion of plaintiff's said judgment, but that there is a balance remaining unpaid to the amount of $943.32, with interest from September 5, 1891. It further alleges that such banking corporation is wholly insolvent, and has no assets of any kind, nature or description, from which can be realized the money due the plaintiff upon the various demands set out in the complaint, and the judgment recovered thereon.

Plaintiff also alleges that the stockholders of said corporation who reside in Kansas have paid to the creditors thereof the full amount for which they are liable under the Constitution and laws of the State of Kansas, but that the defendant has not paid any part of his liability as a stockholder. This is the substance of the plaintiff's complaint.

The defendant demurred to the complaint on the ground "that it appears upon the face of the complaint that there is a defect of parties defendant, in that all of the stockholders of the 'Miltonvale State Bank' are not made defendants herein." Also, that it appears

upon the face of the complaint "that causes of action have been improperly united therein, in that plaintiff seeks to recover as a judgment creditor upon a statute purporting to give a joint cause of action against all of the stockholders of the 'Miltonvale State Bank' in said complaint mentioned; and also seeks to recover as a general creditor upon a statute purporting to give a cause of action against this defendant as a stockholder of said bank separately." And for a third ground of demurrer asserts "that the complaint does not state facts sufficient to constitute a cause of action."

I think the complaint sets forth a good cause of action, and that the judgment overruling the demurrer should be affirmed.

The court has been referred to a large number of authorities in other States, and in considering the questions here presented has examined many others; but it seems to me that a review and discussion of the various decisions that have been rendered in other States, where similar, or somewhat similar, questions were involved, is unnecessary, and will lead to confusion rather than clearness in expressing the determination that I have arrived at in this case. A brief reference to general principles, together with a few cases in our own State, and in the Supreme Court of the United States, seems to me abundantly sufficient.

It is alleged that the defendant is a stockholder in a dissolved and insolvent bank in the State of Kansas; that by the Constitution and statutes of that State, under which such banking corporation was organized, the stockholders of such bank are liable to the creditors thereof "to an additional amount equal to the stock owned by each stockholder."

The ordinary statutory liability of a stockholder is a contract liability, and as such is enforcible in any State or court where jurisdiction may be obtained of the person. (Cook's Stock and Stockholders, § 223; *Ex parte Van Riper*, 20 Wend. 614; *Corning* v. *McCullough*, 1 N. Y. 47; *Dennick* v. *R. R. Co.*, 103 U. S. 11; *Flash* v. *Conn*, 109 id. 371–379.)

"Every shareholder in a corporation is supposed to be cognizant of the provisions of its charter and the general laws of the State which relate to his duties as such shareholder, and which define the nature and extent of his liability to the creditors of the corporation." (*Savings Association* v. *O'Brien*, 51 Hun, 45.)

The personal liability of stockholders for the debts of a corporation by virtue of its charter is not in the nature of a penalty or forfeiture, and does not exist solely as a liability imposed by statute. It is not enforced simply as a statutory obligation, but is regarded as voluntarily assumed by the act of becoming a stockholder. By such act the stockholder assents to be bound, or that his property shall be charged with the debts of the corporation, to the extent and in the manner prescribed by the act of incorporation. Where, therefore, the act of incorporation declares in terms that each stockholder shall be individually liable for the debts of the corporation the courts of this State are open to a creditor of such corporation to enforce the liability of the stockholder for such debts according to the terms of the charter. (*Lowry* v. *Inman*, 46 N. Y. 119–126.)

Morawetz, in his excellent work on Private Corporations (§ 875), lays down the following as a general rule : " It seems clear, upon principle, that a creditor of a corporation whose shareholders are individually liable for its debts, may maintain a suit to enforce this liability wherever he can obtain jurisdiction over the necessary parties. The right to maintain a suit of this character outside of the jurisdiction of the State by which the corporation was chartered, does not depend upon the comity of the State where the suit is brought, or its willingness to recognize and give effect to the laws of a foreign State ; it depends upon the willingness of the courts to enforce a contract validly entered into between the parties in another jurisdiction. A refusal to grant a remedy in a case of this kind would not be a refusal to enforce a foreign law ; it would be simply a denial of justice."

I think it may be laid down as the settled law of this State that a liability like that of the one in question here is a contract liability, and one that can be enforced in this State, unless an exclusive remedy is provided in the State where the corporation is organized.

In the case of *Lowry* v. *Inman* (*supra*) it was held the plaintiff could not maintain his action in this State, because there was a special and exclusive remedy provided, which in its nature could only be enforced in the State of Georgia.

By the statutes of that State a judgment and execution against a corporation was made a lien upon, and enforcible against, the property of the stockholders, and no provision was made for an independ-

ent action against a stockholder. It is perfectly apparent that a remedy of that kind could only be enforced in the State where the corporation existed.

Again, in *Christensen* v. *Eno* (106 N. Y. 97–103) it was held that the liability of the stockholder could not be enforced in this State because the remedy provided in that case authorized a creditor of the corporation who should have obtained a judgment, the execution whereon was returned unsatisfied, to issue an execution against any stockholder to an amount equal in amount to the stock held by him, together with the amount unpaid thereon.

In *Barnes* v. *Wheaton* (80 Hun, 8), where the Ohio statute in relation to the liability of stockholders was in question, it was held, " That an independent action could not be maintained in Ohio against one stockholder alone, and that the remedy to enforce such liability being specially provided by the statutes of that State, is exclusive and not available here."

As I read the statute of Kansas, no exclusive remedy is provided. The creditor who desires to charge the stockholders personally, and who has obtained a judgment against the corporation, and has issued an execution thereon, and no property of such corporation can be found whereon to make a levy, may then issue an execution against any of the stockholders to an extent equal in amount to the amount of stock owned, together with any sum unpaid thereon, or " the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment."

The first remedy is obviously one that can only be availed of in the State where the judgment is obtained against the corporation and only against the stockholders in such State, or those who may have property in such State, and cannot be availed of as against foreign stockholders.

The second remedy is not exclusive, but under the authorities heretofore cited may be availed of in any jurisdiction.

But it is contended that an action cannot be maintained against a single stockholder ; that it must be brought against all. Under a statute of our State, reading as follows : " Where the whole capital of a corporation shall not have been paid in, and the capital paid shall be insufficient to satisfy the claims of its creditors, each stockholder shall be bound to pay on each share held by him the sum

necessary to complete the amount of such share as fixed by the charter of the company, or such proportion of that sum as shall be required to satisfy the debts of the company" (1 R. S. 600, § 5), it has been held that one stockholder could not be sued alone; that, no remedy being prescribed by the statute, it was to be enforced by such practice and in such form as the nature of the right and the relief sought demanded.

It was decided that a bill in equity, bringing in the corporation and the delinquent stockholders, was the proper course; then an accounting of all the debts and of the assets could be had, together with the amount unpaid by each of the stockholders, so that they could be made equally liable. (*Mann* v. *Pentz*, 3 N. Y. 415.)

And it was held of a similar statute of New Jersey that the liability could not be enforced against a single stockholder in this State for the same reason. (*Griffith* v. *Mangam*, 73 N. Y. 611.)

Under that statute no provision was made for distributing the indebtedness equally amongst the stockholders.

Under the statute of Kansas such provision is made, the stockholder who is compelled to pay the judgment may bring an action against all who are stockholders, at the time of the dissolution of the corporation, for the recovery of the portion of the debt for which they are liable, thus bringing about an equitable distribution of the debt amongst all the stockholders. Again, the statute in terms provides that "suits may be brought against *any* person or persons who were stockholders at the time of such dissolution, without joining the corporation in such suit;" this obviously means permission to sue one or all of the stockholders. That view is further supported by the ensuing sentence, reading as follows: "If judgment be rendered and execution satisfied, the defendant or defendants may sue all who were stockholders at the time of the dissolution," etc.

It seems to me, therefore, that one of the remedies provided by the statute of the State of Kansas, that is, "by action," is one that is not exclusive; it simply gives a right of action, the same as exists upon any contract liability, and is one that may be pursued in this State, and that such statute contemplates and provides for an action against a single stockholder.

For these reasons the interlocutory judgment appealed from should be affirmed, with costs.

MAYHAM, P. J., and PUTNAM, J., concurred.

Interlocutory judgment affirmed, with costs.