(49 Misc. Rep. 23)

AUDLEY v. TOWNSEND et al.

(Supreme Court, Trial Term, Westchester County.  December, 1905.)

1. ATTORNEY AND CLIENT—AUTHORITY OF ATTORNEY.
    Under the law of Wisconsin, in the case of debts sent from other states to attorneys in that state for collection, the attorney has the authority to indemnify the sheriff, for his clients, in order to induce him to levy.

2. STATUTES—PLEADING—LAW OF OTHER STATE.
    The laws of another state cannot be proved unless pleaded.
    [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Statutes, § 380.]

3. PLEADING—AMENDMENT.
    On motion to direct a verdict reserved till after verdict, and motion for a new trial, the complaint may be amended to conform to the proof given on the trial, subject to exception, as to the law of another state.

4. SHERIFFS—INDEMNITY—CONCLUSIVENESS OF JUDGMENT AGAINST SHERIFF.

Though to render a judgment against a sheriff for wrongful attachment res adjudicata as against his indemnitors, the proper method would have been to give them formal notice and to call on them to defend it, yet, where he turned the summons and complaint over to their attorneys in the attachment action, and they answered and defended, and he also wrote to the indemnitors informing them of the action and that their attorneys had put in an answer, to which they made no dissent, their acquiescence was a waiver of formal notice.

Action by Henry Audley against William H. Townsend and others, to recover on an oral contract of indemnity. . Verdict for plaintiff. Motion to direct a verdict for defendant reserved until after verdict, and motion on the minutes for a new trial.    Denied.

The plaintiff was sheriff of Fond Du Lac county, state of Wisconsin. The defendants were merchants in the state of New York, and sent to a firm of attorneys in Wisconsin a commercial claim against a manufacturing corporation in the plaintiff's county for collection. The said attorneys brought an action on the said debt against the said corporation and obtained therein an attachment against its property. When the sheriff went to the place of business of the corporation to levy he was met by a claim of ownership by a third person. One of the attorneys for the plaintiffs (now these defendants) who had accompanied him told him in substance to make the levy and that the plaintiffs would stand by him and save him harmless.

The claimant afterwards brought an action against the sheriff (this plaintiff) for damages for converting the chattel by his levy. He turned the summons and complaint over to said attorneys for the plaintiffs in the attachment action, and they defended it. Judgment was obtained against the sheriff, and the recovery in this action by him is for the amount of the said judgment and his fees and expenses in the attachment action, less the amount realized by him by the sale of the chattels levied on. The balance is less than the amount of the said judgment, and the verdict here is for that balance.

Thomas H. Rothwell, for plaintiff.
Benj. F. Einstein, for defendants.

GAYNOR, J.   1. The law of Wisconsin is, as proved on the trial, that in the case of debts sent from other states to attorneys in that state for collection, the attorney has the authority to indemnify the sheriff for his clients in order to induce him to levy.   Clark v. Randall, 9 Wis. 135, 76 Am. Dec. 252.   The defendants were therefore indemnitors of the plaintiff.

The law is the contrary in this state (Welsh v. Cochran, 63 N. Y. 181, 20 Am. Rep. 519), and the trouble is that the complaint does not allege the law of Wisconsin, which was proved under exception; and whether correctly or not, it is the established rule in this state that the laws of another state cannot be proved unless pleaded.   Monroe v. Douglass, 5 N. Y. 447; Schluter v. Savings Bank, 117 N. Y. 125, 22 N. E. 572, 5 L. R. A. 541, 15 Am. St. Rep. 494; Berney v. Drexel, 33 Hun, 34; Savings Ass'n v. O'Brien, 51 Hun, 45, 3 N. Y. Supp. 764; Rio Grande Ry. v. Rothschild (Sup.) 13 N. Y. Supp. 361.

But the complaint can now be amended to conform to the proof. I am aware that there is a decision on appeal in another judicial department that such an amendment cannot destroy an exception already taken to the admission of evidence which becomes admissible only by reason of the amendment, but we have no such decision in this judicial department, where the trial of a lawsuit is not reduced

to a mere sharp game. The less said about such decisions the better. Courts sit to do justice, and I know of no rule of law or practice which, intelligently understood, stands the least in the way. Nine-tenths of our trouble is with court made law, not with law made by the Legislature.

The defendants cannot be in any way aggrieved by this amendment, for the law of Wisconsin proved was deemed an issue of fact on the pleadings before the trial by both sides and by this court, for the evidence to prove it was taken by commission. The defendants cannot claim surprise, nor do they.

2. The other question on the trial was whether the judgment obtained against this plaintiff by the third party for damages for conversion is in this action res adjudicata against the defendants. The plaintiff stood upon it as such, and gave no other evidence on the question of damages. No formal notice was given by the plaintiff to these defendants of the bringing of the conversion action against the plaintiff, and calling on them to defend it, which was the course to follow in order to make the judgment binding on them (Cornell v. Travellers' Ins. Co., 175 N. Y. 253, 67 N. E. 578); but he turned the summons and complaint over to their attorneys in the attachment action, and they answered and defended; and he also wrote to these defendants informing them of the action, and that "your attorneys" have put in an answer. To this the defendants made no dissent, and their acquiescence was a waiver of such formal notice. Indeed, all that occurred was equivalent to such notice. Robbins v. City of Chicago, 4 Wall. 657, 18 L. Ed. 427. And inasmuch as the attorneys had the authority to make the indemnity agreement, and had charge of the entire matter, including it, I am inclined to say that notice to them was notice to these defendants.

The motion to direct a verdict for the defendants, and also the motion for a new trial on the minutes, are denied.